AUSTIN BLACK *vs.* ABRAM BACHELDER & another.

Middlesex. Jan. 11. — March 13, 1876. COLT & ENDICOTT, JJ., absent.

The terms of a written contract containing no latent ambiguity cannot be varied by parol evidence of the meaning thereof, though put in by both parties without objection.

A written order for the performance of a service at a price named becomes, on its fulfilment, an acknowledgment of the existence of a debt to that amount.

The expression "payable as convenient" cannot, in a written contract providing for the payment of a certain sum, be construed to mean not payable at all, but only as an extension of credit.

CONTRACT against Abram Bachelder and Joseph C. Bachelder to recover $300 for work done by the plaintiff in advertising their business. At the trial in the Superior Court, before *Brigham,* C. J., without a jury, the following facts were found:

The plaintiff, in January, 1873, was the proprietor and publisher of a monthly magazine published in the city of New York, and one Nelson was his authorized agent to make contracts for advertisements in the magazine, and as such agent on January 24, 1873, made the following contract in writing, signed " A. Bachelder & Co.," with the defendant Joseph C. Bachelder, acting on behalf of both the defendants, for an advertisement of " bay windows " manufactured by the defendants:

" Insert an advertisement in Manufacturer & Publisher for one year, commencing Feb. No. 1873, to occupy 40 lines spaces. Payable as convenient, $300. This is to include illustration of cuts and sufficient editorial matter to describe satisfactorily, all to be submitted before inserted."

This contract was complied with by the plaintiff, as to time of advertisement, space of advertisement, in the magazine, illustration of cuts, editorial matter, &c., to the satisfaction of the defendants.

The defendants, between January 24, 1873, and this action, June 19, 1874, were in a financial condition which enabled them conveniently to pay the $300 agreed upon as the price of the advertisement, and never refused to pay the same on the ground that it was inconvenient to them to do so, and the judge found that, after repeated demands by the plaintiff that the defendants should pay this sum within a reasonable time after the year's advertisement aforesaid, this action was not brought until a reasonable time had elapsed after said advertisement was published for a year in the plaintiff's magazine.

Both parties, without objection by either, offered evidence at the trial as to the significance of the words "payable as convenient" in the defendants' order for the publication of the advertisement, and the plaintiff's acceptance of the order, and publication in conformity with it. The plaintiff's evidence on this matter tended to prove that "payable as convenient" had this meaning: that the plaintiff's usual terms of quarterly payments for yearly advertisements would not be insisted upon, but to enable the defendants to remunerate themselves by the profits of bay windows, expected to be ordered by reason of said advertisement, for the cost of the advertisement, the $300 might be paid by them at any time during the year of its publication. On the other hand, the defendants' evidence tended to prove, and the preponderance of the whole evidence on that subject was to that effect, that if it was made to appear that bay windows sold by them on orders, which could be reasonably attributed to said advertisement, yielded profits equal to $300, that sum should be paid as the price of said publication, but not otherwise, the correspondence of the defendants to be exposed to the plaintiff's inspection for the purpose of ascertaining how many of such orders were due to such advertisement. The judge found as a fact that the defendants received no considerable number of orders and made no considerable sales of bay windows, proved to be the direct result of said advertisement.

Upon these facts the judge ruled that the plaintiff's action could not be maintained, and ordered judgment for the defendants. The plaintiff alleged exceptions.

*F. T. Greenhalge*, for the plaintiff.

*W. H. Anderson*, for the defendants.

AMES, J. At the trial in the Superior Court, no question was raised as to the admissibility of the evidence, and each party was allowed to offer proof as to his understanding of the contract. But although this mode of trial must be considered as a waiver of all objection to the admissibility of the evidence, its legal effect, when so admitted, is still to be considered by the court. There is nothing in the report of the case to indicate that the parties intended to make the presiding judge a mere referee, or that he was to try the case, upon the evidence, otherwise than in accordance with established rules of law. Of these rules, none is more familiar and well settled than that which decides that the terms of a written contract, not presenting a case of latent ambiguity, are not to be varied by extrinsic and parol evidence. Whatever difficulty there may be in the interpretation of this contract arises from the obscurity of the terms in which it is expressed.

The service requested by the defendants has been performed, and the price agreed upon, as the compensation for that service, was three hundred dollars, yet remaining unpaid. The expression " payable as convenient " cannot reasonably be understood as intended to excuse the defendants, in any event, from making any payment at all. The written order, when it is fulfilled, has the effect of an acknowledgment of a debt; and the phrase " payable as convenient " can only mean that some indulgence as to the length of credit was to be allowed to the debtors. It was still " payable," and the case finds that the defendants at the close of the year were in a financial condition which enabled them to pay the debt without inconvenience. Indeed, the defence was on the ground, not of inconvenience, but of a construction of the contract in direct contradiction of its terms. And the defendants seek to import into it a condition or contingency of which the writing furnishes no intimation whatever.

*Exceptions sustained.*