THEODORE M. LILIENTHAL & another *vs.* SUFFOLK BREWING COMPANY.

Suffolk.    January 23, 1891. — June 27, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, & MORTON, JJ.

*Memorandum of Sale — Condition subsequent — Fraud.*

The selling agent of a hop dealer told a brewer that hops were worth a certain price, and the brewer replied he did not believe it. At a subsequent interview, upon the agent's saying the price had advanced, the brewer told him that he

had no means of information and was not in the market for hops, but finally said he would sign a memorandum for a car-load on condition that, if on his return from a projected trip he found " it was not the market price, it will be no sale," at the same time signing an unqualified memorandum of the purchase. The dealer confirmed the sale by letter, and the brewer upon his return, finding that the price was incorrectly stated by the agent, replied, complaining that, although he "had no business to be ignorant of the state of the market," the agent had misrepresented it, and unless there was some concession he would not accept the hops, but said nothing of the condition; and later he refused the hops. *Held*, in an action to recover the price, that the condition was a condition subsequent, that there was no reliance by the defendant on the agent's statement, and that neither constituted a defence.

CONTRACT to recover the price of hops sold by the plaintiffs to the defendant. Trial in the Superior Court, before *Staples*, J., who ordered a verdict for the plaintiffs, and reported the case for the determination of this court. The facts appear in the opinion.

*A. Hemenway*, for the defendant.

*L. D. Brandeis*, for the plaintiffs.

HOLMES, J. This is an action of contract, for refusing to accept and pay for seventy bales of hops, bought of the plaintiffs by the defendant. The defences are that the defendant was induced to make the contract by the fraudulent representations of the plaintiffs' agent, one Horst, as to the market price of hops, and that the agreement was made subject to a condition on the same matter which was not satisfied. According to the testimony of Smith, the defendant's president, who made the bargain with Horst, Horst called on him several times, trying to sell hops. On a Saturday Horst said that hops were worth twenty-five cents, and Smith told him he did not care, he did not believe hops were worth twenty-five cents. On the next Monday, September 10, 1888, Horst called again and said that hops had advanced very much since last week; that they were now thirty cents a pound. Smith said he did not care, he was not in want of hops; but being urged, said, " If hops are going, as you say, very high, I will buy ten bales, and run the risk, at thirty cents a pound." Horst refused, and, pulling out some telegrams written in hieroglyphics, stated that hops before a week would be thirty-five cents. Smith told him he had no means of information; at all events, he was not in the market for hops; but, after a good deal of urging, he told him he would sign a memoran-

dum for a car-load of seventy bales, on the condition that, "when I return from Canada and find out that it was not the market price, it will be no sale."   At the same time Smith signed and delivered a memorandum for the defendant: "We have this day bought of Lilienthal Bros. seventy (70) bales," etc., stating the terms of the bargain, and mentioning no condition.   On the 13th, the plaintiffs wrote confirming the sale, and thanking the defendant.   Smith further testified that on his return from Canada, on September 24, he found that the best hops in Boston were offered for twenty-five cents on September 10, and we will assume there was other evidence that that, or about that, was the market price.   On September 25, Smith wrote to the plaintiffs, acknowledging their letters, and saying nothing of the alleged condition, but complaining that, although "of course I had no business to be ignorant of the true state of the market," Horst had misrepresented it, and that unless there was some concession he should not accept the hops.   Later, the hops were refused.

So far as the alleged condition goes, it seems to us impossible to construe it as a condition precedent to the existence of the contract, as in *Wilson* v. *Powers*, 131 Mass. 539.   The language testified to imports that a contract has been made, or is about to be made, which is to be off in a certain event thereafter; not that the defendant will make a contract with the plaintiffs at some time in the future, in case Smith finds Horst's statement to be true.   The common sense of the thing, and the correspondence of the parties, if consistent with the existence of any condition at all, lead to the same result.   The plaintiffs assume, in their letter, that a sale has taken place.   The defendant, in his answer, does the same thing.   He says he gave Horst an order for seventy bales, and his suggestion that Horst misrepresented the market price, as a ground for a concession, is quite inconsistent with the notion that the moment only then had arrived for making a contract, and that its existence depended on what he should then have discovered for himself touching the market price.

It is admitted that, if the alleged condition was a condition subsequent, the defendant was not entitled to prove or to rely upon it.   There could be no argument that it was a subsequent modification of the written memorandum.   It was strictly con-

temporaneous talk. *Clark* v. *Houghton*, 12 Gray, 38, 41. This being so, of course the defendant could not modify by spoken words the effect of a writing signed by it, which purported to set forth all the terms of the bargain, and to bind the defendant unconditionally to accept the hops. *Davis* v. *Randall*, 115 Mass. 547. *Batchelder* v. *Queen Ins. Co.* 135 Mass. 449. *Gordon* v. *Niemann*, 118 N. Y. 152. *Daly* v. *W. W. Kimball Co.* 67 Iowa, 132. As the foregoing considerations justify the ruling of the court below, that the alleged condition was no defence, we need go no further.

Next as to fraud. *Prima facie*, a statement to an experienced dealer in hops as to the market value of the article he is asked to buy is dealer's talk on a subject about which the seller has a right to assume that the buyer will make up his mind for himself, the means of information being equally open to both. *Manning* v. *Albee*, 11 Allen, 520, 522. *Poland* v. *Brownell*, 131 Mass. 138. *Deming* v. *Darling*, 148 Mass. 504. *Foley* v. *Cowgill*, 5 Blackf. 18. *Cronk* v. *Cole*, 10 Ind. 485. *Graffenstein* v. *Epstein*, 23 Kans. 443. Assuming, for the sake of argument, that a case might be supposed in which a jury would be warranted in finding, from other facts beside the mere making of the representation, that the buyer reasonably surrendered his judgment to the seller, ( *Whiteside* v. *Brawley*, 152 Mass. 133,) this is not such a case. There were no such other facts. Moreover, Smith's answer to Horst on Saturday was direct, that he did not believe Horst's statement. So on Monday, Smith's answer to Horst, that he had no means of information, imported in polite terms that he did not rely upon Horst, and if, as he says, Smith made a condition that, if he found the price given was not the market price, the sale was to be off, he told Horst in effect that he did not rely upon him, but meant to find out for himself. The only fair inference from the evidence for the defendant is, that its agent relied, not upon Horst's statements, but upon an oral condition, which fails for the reasons which we have given.

*Judgment on the verdict.*