WILL M. KINNARD COMPANY *vs.* CUTTER TOWER COMPANY.

Suffolk.   May 29, 1893. — June 21, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Written Contract — Oral Evidence.*

A. and B., a corporation, executed a written contract, which recited the sale by A. to B. of certain articles at a price named, payable upon terms stated, and the agreement by A. not to sell the articles to any one in the city where B. was located except to B. so long as B. should not sell the articles below a certain price, and should order of A. a certain quantity of the articles each year thereafter. In an action by A. against B. for goods sold and delivered in pursuance of the contract, which was introduced in evidence, B. offered to prove that, before the contract was drawn up, B.'s president and A.'s agent had a conversation upon the latter's attempt to sell the former some of the articles, in which the former said that, if the articles would answer a certain purpose, he could use them, but that otherwise he did not want them; that A.'s agent replied that they would be found fit for B.'s use; that the written contract was then signed ; that the articles were sent, and found upon experiment to be unfit for B.'s use; and that A. was notified of the fact, and the articles were returned to A., who refused to receive them. *Held*, that the evidence offered was rightly excluded.

CONTRACT, upon an account annexed, for goods sold and delivered in pursuance of a written contract. Trial in the Superior Court, without a jury, before *Blodgett*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiff introduced in evidence the contract referred to, which was as follows: " Will M. Kinnard Company, Manufacturers of Kinnard's Patent Arm Rests and Ready Levellers for Blank Books, Dayton, Ohio.   Order No.    . Boston, Mass., Dec. 14, 1889.   Sold Messrs. Cutter Tower Company, Boston, Mass., 100 pairs Kinnard's patent, Sept. 25, 1888, level boards, at $2 per pair; 10 pairs Kinnard's patent, June 2, 1888, combined boards, at $3.50 per pair.   Terms: five months less ten per cent, and two per cent additional if paid in ten days, note the Will M. Kinnard Company for and in consideration of five cents to me in hand paid do hereby agree not to sell the Kinnard Patent Arm Rest and Level Boards to any one in the city of Boston, Mass., excepting Messrs. Cutter Tower Company so long as Messrs. Cutter Tower Company shall not sell or allow to be sold the Kinnard Patent Arm Rests and Levels at a less

price than twenty-five per cent added to the above lists, except
when bound in books, and shall order of the Will M. Kinnard
Company not less than fifty pairs of said arm rests and levels
each year thereafter.    The right is given Messrs. Cutter Tower
Company to make such prices and terms on said arm rests and
levels as they may deem proper when bound in books.    Will
M. Kinnard Company, per H. I. Shenkle, Manager.    Accepted.
Cutter Tower Company."

The execution of the contract was admitted by the defendant,
and, it being further admitted by the defendant that goods such
as were mentioned in the contract had been delivered by the
plaintiff to the defendant, the plaintiff rested its case.

The defendant then offered to prove that, before the contract
was drawn up, the plaintiff's agent called at the defendant's
place of business, had an interview with the president of the
defendant company, and asked him to purchase some of the
goods, exhibiting at the same time one of the articles referred to,
attached to a large account-book, that being the use to which the
articles were designed to be put; that he replied that his com-
pany had a patented account-book binding which it was manu-
facturing and selling, and if the article referred to would go with
his binding he thought he could use it, but otherwise it would be
of no use to him and he did not want it; that the plaintiff's
agent then said that it would go with that binding and would
be found fit for the defendant's use; that thereupon the plain-
tiff's agent produced a printed blank, which he filled out, signed
himself, and handed it to the president, who wrote under the
word " Accepted," at the foot of the paper, his company's name,
and delivered it to the agent, this paper being the above con-
tract introduced in evidence; that whether the article was fit
for its use the defendant's president could not ascertain by in-
spection of the sample shown by the agent, but only by actual
experiment by a practical binder, which the president was not;
that as soon as possible after the articles arrived it was at-
tempted to adapt them to the defendant's use by a practical
binder of long experience employed by the defendant for that
purpose, but were found by the binder unfit for the defendant's
use; that thereupon the defendant notified the plaintiff of that
fact, and that the goods were held subject to its order; and that

they were subsequently, and before the bringing of this action, shipped to the plaintiff, but that the plaintiff refused to receive them.

The judge ruled that the testimony offered could not be admitted, because it tended to vary the terms of a written contract, and found for the plaintiff. The defendant alleged exceptions.

*C. H. Drew*, for the defendant.

*W. I. Monroe*, for the plaintiff.

MORTON, J.   We are unable fairly to construe, as a condition precedent to the taking effect of the contract, the talk between the plaintiff's agent and the defendant's president.   The contract purports on its face to contain the entire agreement between the parties, and to be an absolute one.   The evidence offered tended in effect to show that, if the defendant's president found, on trying the article, that it would not go with their account-book, then the defendant was not to be liable on the contract. Assuming that the talk was not seller's talk, such an arrangement was executory in its character, and constituted a part of the agreement as made, and should have been embraced in the written contract.   To admit evidence of it now would be to vary essentially by oral testimony the written contract.   *Fitz* v. *Comey*, 118 Mass. 100.   *Black* v. *Bachelder*, 120 Mass. 171. *Lilienthal* v. *Suffolk Brewing Co.* 154 Mass. 185, 188.

*Exceptions overruled.*