BURROUGHS ADDING MACHINE COMPANY *vs.* PROPRIETORS OF THE CEMETERY OF MOUNT AUBURN.

Suffolk.  March 6, 1914. — March 31, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, & CROSBY, JJ.

*Sale,* Conditional, When title passes.  *Damages,* In contract.  *Waiver.*

In an action upon a contract of conditional sale to recover the full price to be paid for an adding machine, it appeared that an order in writing for the machine signed by the defendant contained provisions for a part payment in cash and a future payment of the balance and also the following provision: "Should there be any failure to pay draft or other demand for cash payment or for deferred payments when due, it is agreed that the entire unpaid balance shall at once become due and payable. . . . It is agreed that the title to the said adding machine shall be vested in you until the purchase price or any judgment for the same is paid in full."  The trial judge found that the machine had been delivered to the defendant in accordance with the terms of the contract and that the defendant had failed to make the cash payment required upon such delivery.  *Held,* that, the defendant having failed to make the required payment upon demand, the plaintiff under the terms of the contract was entitled to recover the entire contract price; and that it was unnecessary to decide whether the plaintiff by bringing the action waived his rights as owner of the machine and vested the title to it in the defendant so that, apart from the express agreement to that effect, he would be entitled to recover the entire price.

CONTRACT upon an order in writing addressed to the plaintiff and signed by the defendant for an adding machine at the price of $275.  Writ in the Municipal Court of the City of Boston, dated January 3, 1913.

The declaration contained three counts, of which the plaintiff waived the first and second.  The third count alleged that the

plaintiff had delivered the machine in accordance with the contract and that the full contract price of $275 was due to it. The answers contained a general denial and an allegation that the order was obtained by fraudulent representations.

The case was tried before *Bolster*, C. J. He found as a fact that the defense of fraud was not proved. The order sued upon was signed in the name of the defendant by its treasurer. It was signed by a sales agent of the plaintiff as a witness.

Certain material provisions contained in the order and other facts are stated in the opinion.

The defendant asked the judge to make the following rulings:

"1. If the defendant is liable the measure of damages is the difference between the value of the machine at the date of delivery of the machine and [at] the date of the writ.

"2. If the defendant is liable the measure of damages is its injury for the loss of the sale of this machine.

"3. The plaintiff is not entitled to recover under counts 1 and 3 of the amended declaration. [Count 1 was on an account annexed for $275, but was waived.]

"4. The plaintiff is not entitled to recover $275 under any count of the declaration."

The judge refused to make any of these rulings. He found that the clause in the agreement of sale as to retention of title was a condition for the plaintiff's benefit which it could waive, and that the plaintiff had waived it, making the sale absolute.

The judge found for the plaintiff in the sum of $279.67, and at the request of the defendant reported the case for determination by the Appellate Division.

The Appellate Division ordered that the report be dismissed; and the defendant appealed.

*G. M. Poland,* for the defendant.

*G. R. Farnum,* for the plaintiff.

CROSBY, J. This is an action of contract to recover the price of an adding machine, bought upon a written order given by the defendant to the plaintiff. While the order was not signed by the plaintiff it may fairly be treated as an acceptance by the defendant of a previous oral offer made by the plaintiff, which transaction constituted a binding contract between the parties.

The contention of the defendant, that the order was obtained

by reason of the fraudulent representations of the plaintiff, cannot be sustained in view of the finding of the Municipal Court that the defense of fraud was not proved.

The case was tried upon the third count of the declaration, the first and second counts having been waived.

The contract contained among other provisions the following:

"Should there be any failure to pay draft or other demand for cash payment or for deferred payments when due, it is agreed that the entire unpaid balance shall at once become due and payable."

"It is agreed that the title to the said adding machine shall be vested in you until the purchase price or any judgment for the same is paid in full. It is expressly agreed that this order shall not be countermanded."

The judge found as a fact that "a machine, satisfying the contract requirements, was delivered to the defendant December 12, 1912, set up and demonstrated, but that the defendant did not, at or after such delivery, accept said machine as a fulfilment of the contract."

In view of this finding we are of opinion that the defendant became liable to pay the contract price in accordance with the clause of the contract first above quoted, and, the defendant having failed to pay upon demand, the entire unpaid balance became due and payable.

The third count declares upon the contract, and the plaintiff avers performance on its part and alleges that there is due thereon the amount of the stipulated price. This is correct and sufficient. Accordingly the defendant's third and fourth requests could not have been given.

In view of the liability of the defendant upon the clause of the contract first above mentioned, it is unnecessary to decide whether the bringing of the action constituted a waiver by the plaintiff of its rights as owner of the machine, and vested the title thereto in the defendant, and thereby entitled the plaintiff to recover the purchase price.

*Order dismissing report affirmed.*