THEODORE O. LOVELAND & another *vs.* EPSTEIN DRUG COMPANY.

Suffolk. December 12, 1916. — May 30, 1917.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Contract,* Construction, In writing. *Evidence,* Extrinsic affecting writings. *Words,* "Contest."

A retail druggist made with the proprietor of an advertising plan a contract in writing, stating that he ordered, subject to the approval of such proprietor, certain merchandise "in payment for which I herewith hand you my six notes, payable to your order, aggregating $600," which were to be cancelled and returned if the order was not approved. A second paragraph of the contract stated an agreement that, if in the next twelve months the druggist's gross sales did not show a specified increase, the proprietor of the advertising plan would pay the druggist the deficiency in cash and would give his bond for $600 "to cover this agreement." A third paragraph contained specific agreements by the druggist as to receiving the shipments specified and the conducting of a "contest plan." There was a provision that the order could not be countermanded. The order was approved, the goods were shipped and the bond was executed and delivered by the proprietor of the advertising plan. *Held,* that the contract provided in plain and unambiguous language that the druggist's promise to pay the notes was an independent agreement in no way dependent upon the success of the advertising plan.

In an action by the payee against the druggist upon the notes above described, parol evidence, tending to show that the carrying out of the "contest plan" was a condition precedent to liability upon the notes, was not admissible because it tended to contradict unambiguous provisions of a contract in writing.

Where, in such action, therefore, the druggist has admitted the execution and delivery of the notes and that nothing has been paid thereon, a verdict should be ordered for the plaintiff; and the druggist, if he claims an amount to be due to him under the provisions of the bond of the proprietor of the advertising plan, should seek his remedy by an action upon the bond.

Upon the question, *whether,* in such an action by the druggist against the proprietor of the advertising plan upon the bond above described, the druggist would be permitted to show that his signature to the contract was conditioned

upon an agreement by the salesman procuring it that he, the salesman, would come to the drug store and give his personal services to the druggist in starting and running the contest, and that the salesman refused to do so, the court expressed no opinion.

CONTRACT, for $600 and interest, upon six promissory notes, described in the opinion. Writ in the Municipal Court of the City of Boston dated September 23, 1914.

On removal to the Superior Court, the case was tried before *Fox,* J. It appeared that the defendant was engaged in the retail drug business in Boston, that the plaintiffs were co-partners in Iowa engaged in promulgating advertising plans and devices and were the proprietors of an advertising plan whereby they undertook for a consideration to increase the amounts of the sales of such persons as they could induce to take up their plan. The method, or plan, adopted by the plaintiffs was explained in the contract described in the opinion and in literature furnished by the plaintiffs to the defendant which was not further described in the bill of exceptions. The plan involved the running of contests for prizes to be given to those customers of the retail store who succeeded in getting the largest number of votes, the votes or coupons being given by the retailer to the customer in proportion to the purchases made by such customers. The defendant admitted the execution of the notes and contract and that no payment had been made on account thereof. Other material evidence is described in the opinion.

At the close of the evidence the plaintiffs moved that a verdict be ordered in their favor. The motion was denied and the case was submitted to the jury, it being stipulated that, if the jury returned a verdict for less than the full amount of the notes and interest, and if the plaintiffs' exceptions were sustained, judgment was to be entered forthwith for the plaintiffs for the full amount of the notes with interest without further trial.

. The jury found for the plaintiffs in the sum of $336; and the plaintiffs alleged exceptions.

The case was submitted on briefs.

*T. F. Dolan & J. J. Cummings,* for the plaintiffs.

*D. Stoneman & S. P. Graves,* for the defendant.

CARROLL, J. The plaintiffs seek to recover on six promissory notes dated September 3, 1913, payable in one, two, three, four,

five and six months from date and each for the sum of $100. There was a verdict for the plaintiffs for $336 and the case is before us on their exceptions.

The defendant made a written contract with the plaintiffs the material portions of which were as follows:

"On your approval of this order, deliver to me . . . the Piano, graphanola, Silverware and Advertising Matter described . . . in payment for which I herewith hand you my six notes, payable to your order, aggregating $600. If order is not approved and shipped by you the notes are to be cancelled and returned to me.

"My last twelve months' sales were $183,000.00. My next twelve months sales to be $219,600.00, and that if .00⅓ per cent of my gross sales does not amount to Six Hundred Dollars for the next twelve months you will pay me the deficiency in cash, and send your bond for Six Hundred Dollars to cover this agreement with me.

"To make the last above clause binding upon you I agree to take the shipments promptly, carry out the contest plan promptly, meet all obligations entered into under this agreement, keep the Piano and Graphanola well displayed in my store, issue Piano Graphanola votes for each cent purchase and every sixty days of the contract to report to you my gross sales, and promptly furnish you all information you request to enable you to assist in pushing the contest.

"In consideration of the special methods set forth in your copyrighted plan and the special terms and agreement herein, this order cannot be countermanded."

The bond was executed and was in evidence.

Subject to the plaintiffs' exception the defendant's treasurer testified that before signing the contract and notes he told the plaintiffs' salesman that he had never run a contest in the store, he had no experience in running a contest similar to that of the plaintiffs, he was not familiar with the plans and would not sign the contract and notes unless the salesman would promise "to come into the store of the defendant and give his personal services to the defendant in starting and running the contest referred to in said contract," for such time as would be necessary to put it in successful operation; that the salesman agreed to this, but when some of the goods were received and before the notes

were due, refused to give his services in starting and running the contest.

The plaintiffs denied that the salesman had authority to make any representations other than those contained in the written contract. At the close of the evidence the plaintiffs requested the judge to order a verdict in their favor and duly excepted to his refusal to grant the request.

The contract expressly provided that in order to make the guaranty of the plaintiffs binding on them, the defendant was to "carry out the contest plan promptly, meet all obligations entered into under this agreement," and if this was done and the plaintiffs' sales for the twelve months did not equal $219,600, the plaintiffs could be called on to pay "the deficiency in cash," to the extent of $600. These promises were mutual and dependent. The contest was a condition precedent to the guaranty. If the defendant performed its part of the contract and the sales did not amount to the sum stated, its remedy was upon the bond. The payment of the notes in one, two, three, four, five and six months respectively, was not dependent on the contest or its success in increasing the defendant's sales for the next twelve months. The promise to pay the notes as they matured was an independent stipulation. The notes were in payment for the merchandise purchased: the piano, graphonola, silverware and advertising matter were to be delivered to defendant, "in payment for which I herewith hand you my six notes, payable to your order;" they matured in six months. The right to recover on the guaranty depended on the results of the contest during twelve months. The order of time in which the acts were to be done was different. The notes were to be paid before the time fixed for the conclusion of the contest, and the obligation to pay them at the time stated was an absolute promise and was independent of the contest. *Kane* v. *Hood,* 13 Pick. 281. *Traver* v. *Stevens,* 11 Cush. 167. *Hapgood* v. *Wellington,* 136 Mass. 217. *Loud* v. *Pomona Land & Water Co.* 153 U. S. 564.

As the contract of the parties in express terms made the contest a condition precedent to the guaranty, it could not be shown by parol evidence that the contest was intended to be a condition precedent to the payment of the notes. The contract on its face purports to set out all the stipulations and to contain the entire agreement of the parties. The evidence offered would contradict

it. Where some particular topic is dealt with in the writing, it is presumed to contain the entire agreement of the parties on this subject. *Black* v. *Bachelder*, 120 Mass. 171. *Will M. Kinnard Co.* v. *Cutter Tower Co.* 159 Mass. 391. *Glackin* v. *Bennett*, 226 Mass. 316, and cases cited.

While the word "contest" may be of doubtful meaning permitting the introduction of parol evidence to explain it (see *Hebb* v. *Welsh*, 185 Mass. 335; *Jennings* v. *Puffer*, 203 Mass. 534) such evidence is not admissible in this action, where the defendant is sued on the notes; nor is the evidence that the plaintiffs' agent was to assist in starting the plan and in running the contest of importance in the present action; the payment of the notes being an independent obligation and not contingent upon the contest.

We express no opinion as to the admissibility of the evidence excepted to, in an action where the defendant seeks to recover for a breach of the bond. If the plaintiffs have broken their written agreement with the defendant, or if it can be shown that because of the breach of the collateral agreement to assist them in the contest (see *Ayer* v. *R. W. Bell Manuf. Co.* 147 Mass. 46; *Keith* v. *Radway*, 221 Mass. 515) the amount of the sales did not reach the sum stated, assuming but not deciding such evidence to be admissible, the plaintiffs' remedy is upon the guaranty.

The exceptions must be sustained. According to the stipulation of the parties, judgment is to be entered for the plaintiffs for the full amount of the notes and interest.

*So ordered.*