MASSACHUSETTS BIOGRAPHICAL SOCIETY *vs*. JAMES S. RUSSELL
& another, executors.

Suffolk.   January 11, 1918. — February 28, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract*, What constitutes, Construction.   *Damages*, In contract.

In an action of contract to recover the sum of $250 it appeared that the defendant
signed an instrument in writing containing the following provisions: "I hereby
authorize you to execute for me a full-page Photo-Steel Engraved Plate and to
insert prints therefrom in the Biographical and Historical work 'Biographical
History of Massachusetts,' the plate reverting to me as my property. . . . The
total expense for the making of the plate and insertion of the portrait, includ-
ing one dozen artist's proofs with enlarged margin, is to be $250.00, for which
I hand you my check, payable to H M P & Co., Depositories." The plaintiff
testified that he agreed orally to do all the things for which the $250 was to be
paid.   *Held*, that a finding was warranted that the oral agreement testified to by
the plaintiff made the contract a bilateral one, and that by its terms the defend-
ant promised to pay $250 forthwith in consideration of the plaintiff's promise
and before performance by the plaintiff.

CONTRACT by the Massachusetts Biographical Society, a cor-
poration, originally against Mary F. Russell of Milton, who died
on April 2, 1916, and afterwards against the defendants as the
executors of her will, upon a contract in writing, which is printed
in full in the opinion.   Writ in the Municipal Court of the City
of Boston dated February 12, 1915.

The answer contained a general denial and a specific denial of
the signature upon the alleged contract, requiring "proof of the
same at the trial."

The nature of the evidence at the trial in the Municipal Court
is described in the opinion.   James, mentioned in the opinion, the
assignor of the plaintiff, who testified to the making of the contract,
"was the president of the plaintiff corporation and was the person
having the main financial interest therein."

The following rulings requested by the defendants are men-
tioned in the opinion:

"4. That writing one's name on a paper does not constitute a
signature unless written with the intent to have it operate as such.

"5. That on all the evidence in the case there was no evidence that Mrs. Russell wrote her name with intent to have it operate as a signature on the so called contract of the plaintiff."

"11. That on all the evidence in the case there was no evidence of a promise by James to perform the work authorized in the document."

The judge refused to make any of these rulings.

The following rulings requested by the defendants also are mentioned in the opinion:

"7. That the offer contained in such document could be revoked by the defendant at any time before the performance of the consideration by the plaintiff."

"20. That in order to find for the plaintiff the court must find that James at his interview with the defendant made a promise, express or implied, to do the things authorized by the writing entitled Biographical History."

The judge made both of these rulings last quoted above. He found for the plaintiff for the amount claimed in the declaration, which was $250, and at the request of the defendants reported the case to the Appellate Division. The Appellate Division made an order that the report be dismissed; and the defendants appealed.

*P. Nichols,* for the defendants.

*L. Powers,* for the plaintiff.

DE COURCY, J. The agreement on which this action is based is as follows:

"Biographical History of Massachusetts.

Massachusetts Edition United States Biographical Series

I hereby authorize you to execute for me a full-page Photo-Steel Engraved Plate and to insert prints therefrom in the Biographical and Historical work 'Biographical History of Massachusetts,' the plate reverting to me as my property.

The work is to be hand-bound in elegant crushed morocco, artistically decorated, gold top and special design.

The text of 'Biographical History of Massachusetts' is to be printed on specially high-grade paper.

The work is to be illustrated throughout with artistic full-page portraits.

The total expense for the making of the plate and insertion of the portrait, including one dozen artist's proofs with enlarged

margin, is to be $250.00, for which I hand you my check, payable to H. M. Plimpton & Co., Depositories.

"Signed Mrs. H. S. Russell

Countersigned:                     Address     Milton

————————                       Date April 6th 1910"


On the testimony of Thomas N. James (the plaintiff's assignor) the judge of the Municipal Court was warranted in finding that Mrs. Russell (the defendants' testatrix) signed this paper, and that she did so "with intent to have it operate as a signature on the so called contract." This disposes of the defendants' fifth request; and the finding for the plaintiff renders the fourth inapplicable, — even assuming that it correctly stated an abstract proposition of law. *Aradalou* v. *New York, New Haven, & Hartford Railroad*, 225 Mass. 235, 240.

In refusing the defendants' eleventh request, and giving the twentieth, the judge must have found upon the evidence that James bound himself to do the things named in the printed agreement, in other words, that the contract was a bilateral one. We cannot say that conclusion was not warranted. Presumably he found that James made an offer which Mrs. Russell accepted. *Elastic Tip Co.* v. *Graham*, 174 Mass. 507. *Burroughs Adding Machine Co.* v. *Mount Auburn Cemetery*, 217 Mass. 378. The obligation of Mrs. Russell to pay $250 was not dependent on the performance of the obligation assumed by the plaintiff's assignor, which was to be carried out later. *International Textbook Co.* v. *Martin*, 221 Mass. 1. *Loveland* v. *Epstein Drug Co.* 227 Mass. 311. It is unnecessary to consider what construction was placed by the judge on the seventh request; as the defendants asked for it, they cannot complain because it was given.

The defence raised by the pleadings was that Mrs. Russell did not enter into a contract, not that she was induced to enter into a contract by fraudulent misrepresentations. And it is now recognized by the defendants that the alleged fraudulent misrepresentations of fact contained in the letter to Mrs. Russell and the alleged misleading designation of the proposed work do not constitute a defence in this action.

The foregoing disposes of all the requests argued by the defendants except those relating to damages. As already said, the

judge was warranted in finding that Mrs. Russell promised to pay the $250 forthwith, and that the payment was not dependent upon the previous performance by James of his agreement to publish the sketch and portrait of her husband. *International Textbook Co.* v. *Martin, supra.* No error appearing on the record, the order of the Appellate Division dismissing the report must be affirmed; and it is

*So ordered.*