JAMES B. DOOLEY *vs.* MICHAEL F. McDONOUGH
& another.

Suffolk.    March 7, 1919. — May 20, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* What constitutes.   *Agency,* Existence of relation.

The owner of certain real estate authorized a broker to sell it for a certain sum. The broker showed it to one who offered to purchase it for a less sum and signed in duplicate a formal agreement in writing to that effect, delivering the papers to the broker, to whom he was to make an initial payment provided for in the

agreement if the broker could get the owner to sign the agreement. The broker procured the owner's signature, left one copy of the agreement with him and took the other to give to the purchaser. Before the broker reached the purchaser, he received a telephone message from him that he did not wish to go further with the transaction. At the trial in a municipal court of an action by the owner against the purchaser, the judge found that the agreement signed by the defendant was an offer by him to the plaintiff and that the defendant selected the broker as his agent to present the offer to the plaintiff and to receive his acceptance in writing; and found for the plaintiff. *Held,* that the findings were warranted by the evidence, and that the action might be maintained.

In the action above described, it *also was held* that, it not appearing that the payment of the initial instalment was a condition precedent to the making of the contract, a finding, that that instalment became payable when the plaintiff executed the agreement and delivered it to the broker as the defendant's agent, was warranted.

CONTRACT upon an agreement in writing for the purchase of real estate by the defendants. Writ in the Municipal Court of the City of Boston dated March 29, 1918.

The evidence at the trial in the Municipal Court is described in the opinion. At the close of the evidence, the defendants asked for rulings which, with the action of the judge therein, were as follows:

"1. On all the evidence, the plaintiff is not entitled to recover." "Not given."

"2. If the conduct of the defendants in signing the alleged agreement be construed as an offer to be conveyed to the plaintiff, such offer was subject to withdrawal until accepted by the plaintiff." "Given."

"3. If the conduct of the defendants is construed as an offer to be conveyed to the plaintiff through the agent of the plaintiff, in whose hands the property in question had been placed for sale, a withdrawal of the defendants' offer is effectual if communicated to such agent's office, before acceptance by the plaintiff, and received by one properly in charge of such office." "Given."

"4. If the defendants' conduct in signing the alleged agreement is construed as an offer to be conveyed to the plaintiff, through the plaintiff's agent, and at the time of signing, a time was fixed for the passing of the initial deposit called for by said agreement, a withdrawal communicated to the defendants' agent, who had in hand the sale of the property, prior to the time fixed for passing said initial deposit, is effectual." "Given."

"5. A suit brought for an initial deposit under a contract of

sale such as is alleged in this case, is premature if brought prior to the time fixed for the full performance of said contract." "Not given. Not sound. Not applicable."

"6. A suit brought for the initial deposit under a contract such as is alleged in this suit, cannot be maintained without showing the defendants' ability and willingness to carry out the full performance of said contract." "Not given. Not applicable to facts."

"7. If the initial deposit called for by the agreement alleged in this suit did not accompany the defendants' offer to be passed to the plaintiff upon his signing the same, such initial deposit was waived." "Not given. Contrary to fact found."

"8. A suit for the initial deposit under an agreement such as is alleged in this suit cannot be maintained until it has been shown what damages the defendants would suffer in the event of the plaintiff's refusal to carry out all of the terms of said contract." "Not given. Not sound in law."

"9. If the defendants' conduct in signing the alleged agreement is construed as an offer to be conveyed to the plaintiff, through the plaintiff's agent, a withdrawal communicated to the defendants' agent before the plaintiff's acceptance is communicated to the defendants, is effectual." "Given."

"10. The instrument, signed by the defendants, being in form a contract, calling for the signature of the plaintiff, no consideration is imported by the seal which prevents the defendants' withdrawing their offer before acceptance." "Not given."

"11. The instrument, signed by the defendants, is not under the facts shown in evidence, an irrevocable covenant under seal." "Given."

"12. If the initial deposit called for by the agreement alleged in this suit did not accompany the defendants' offer and was not demanded by the plaintiff at the time he signed the same, such initial deposit was waived." "Not given. Contrary to fact."

"13. If the plaintiff at the time he signed the alleged agreement did not waive the payment of the initial deposit, called for by said agreement, then his acceptance of the defendants' offer was not complete, but conditional." "Not given."

"14. The defendants in signing the alleged agreement under seal did not bind themselves to an irrevocable offer." "Given."

The judge found for the plaintiff in the sum of $100, and, at

the request of the defendants, reported the case to the Appellate Division, who made an order dismissing the report. The defendants appealed.

*J. D. Graham,* for the defendants.

*E. N. Carpenter,* for the plaintiff.

DE COURCY, J. The defendants had been shown the plaintiff's house by one Fernandez, a real estate broker, who had been authorized by the plaintiff to sell it for $4,000. On a subsequent Monday evening the broker called on the defendants and they made an offer of $3,700 for the property, and signed in duplicate a formal written agreement to purchase at that price. The papers were delivered to Fernandez, and he was to receive the initial payment of $100 on Tuesday evening if he could get the plaintiff to sign them.

Fernandez obtained the signature of the plaintiff to the agreements between nine and ten o'clock Tuesday forenoon, left one copy with him and took the other to deliver to the defendants. At some time that forenoon McDonough telephoned to the broker's office that he did not wish to go any further in the transaction; but Fernandez did not receive the message until the afternoon, some hours after he had procured the plaintiff's signature. The defendants later refused to take the agreement tendered to them, and this action was brought to recover the first payment of $100. The judge of the Municipal Court found for the plaintiff, and his finding was sustained by the Appellate Division.

In view of the judge's general finding and his rulings on requests numbered 2 and 3, we must assume that he found, in effect, that the agreement was an offer proposed by the defendants, and that they selected Fernandez as their agent to take the offer to the plaintiff and receive his written acceptance. The facts stated in the report warrant the conclusion which the judge apparently reached, that when the defendants attempted to revoke their offer, it had been accepted, and that a binding contract had been completed in the manner intended by the parties. *Nickerson* v. *Bridges,* 216 Mass. 416, 420. *Brauer* v. *Shaw,* 168 Mass. 198. *Boston & Maine Railroad* v. *Bartlett,* 3 Cush. 224. See *Codman* v. *Deland,* 231 Mass. 344. There was also warrant for the finding that the instalment of $100 was payable when the plaintiff executed the contract and delivered it to Fernandez, acting as the agent of the defendants for that purpose. It is not found that the payment

was a condition precedent to the completion of the contract. *Massachusetts Biographical Society* v. *Russell,* 229 Mass. 524.

No error appearing on the record, the entry must be

*Order dismissing report affirmed.*