THE NATIONAL CASH REGISTER COMPANY, Appellant, *v.* ROBERT G. LYON, Respondent.

First Department, June 16, 1939.

*Julius Winn* of counsel [*Philip Klein*, attorney], for the appellant.

*Julius Cutler* of counsel [*Cutler & Cutler*, attorneys], for the respondent.

CALLAHAN, J.   This action was brought to recover the purchase price of a cash register which plaintiff claims it sold to defendant under a conditional sales agreement.

Defendant signed a printed order for the conditional purchase of the cash register which was dated October 29, 1937, and addressed to the plaintiff at Dayton, Ohio.   It provided that the order was subject to acceptance by the seller.   The paper contains a notation purporting to show that it was accepted by the plaintiff on November 4, 1937.

Plaintiff alleges that its salesman attempted several times to deliver the machine to the defendant, but defendant refused to accept it.

Attached to the affidavits of plaintiff's motion for summary judgment is correspondence purporting to show that defendant's refusal to accept the machine was based on the fact that at the time he ordered it he believed he would continue in business, but that shortly after giving the order he learned that his place of business was to be taken in condemnation proceedings and, therefore, did not know whether he would have any use for the machine.

The defendant, by answering affidavit, sets forth that a day or two following the giving of the order to plaintiff's salesman, he notified the salesman to cancel the order.   As the order, until acceptance, constituted a mere offer, a valid defense would be established if defendant's contention is true.   Therefore, the plaintiff's motion for summary judgment was properly denied.

Defendant in the Municipal Court made a cross-motion to dismiss the complaint for insufficiency, under subdivision 5 of rule 106 of the Rules of Civil Practice.   He also moved for judgment on the pleadings and for summary judgment.   The cross-motion was granted dismissing the complaint, with leave to amend.   It appears, therefore, that the complaint was dismissed for insufficiency.   The dismissal is sought to be upheld upon the ground that plaintiff could not maintain this action for the price, because property in the goods had not passed to the buyer.

The order contained a provision for payment in installments. It further provided, " purchase price shall become due and payable upon refusal to accept delivery when tendered  *  *  *  or to

make any payment provided for." It contained the customary provisions of a conditional sales contract to the effect that title was to remain in the seller until the machine was paid for.

Plaintiff contends, *first*, that an action for the price might be maintained, because of the specific provisions in the contract making the price payable upon refusal to accept the machine or to make the payments provided for. And, *second*, that the transaction was one within subdivision 2 of section 144 of the Personal Property Law, in that the price was payable on a day certain.

Defendant contends that if the contract be construed to mean that the price was payable irrespective of delivery or the passing of property in the goods, the agreement was void, because it conflicted with the public policy of the State as expressed in section 144 of the Personal Property Law. He further contends that there was no provision in the contract making the price payable on a day certain.

It is our view that an action for the price may be maintained in this case, because under the express provisions of the alleged contract the purchase price became payable upon refusal to accept delivery, or failure to pay an installment, even though the property in the goods had not passed to the buyer. We see no reason why such a contract may not be entered into, and find no conflict with public policy by reason of the terms of the agreement.

Under the common law of this State a seller of goods was permitted to recover the price where due tender of performance was made and the buyer refused to take the goods. (*Dustan* v. *McAndrew*, 44 N. Y. 72; *Ackerman* v. *Rubens*, 167 id. 405.) While there may have been some conflict on the subject with respect to conditional sales (See *National Cash Register Company* v. *Schmidt*, 48 App. Div. 472, and *Gray* v. *Booth*, 64 id. 231), the weight of authority in this State supported the rule that even under the present form of contract the price might be recovered at common law irrespective of the passage of title to the goods. Therefore, unless section 144 of the Personal Property Law, or some statutory provision contained in the Uniform Conditional Sales Act indicates the legislative intention to prohibit an agreement such as the present, the parties had the right to stipulate that the price would be payable under such circumstances as they fixed. We find no authority holding that section 144 of the Personal Property Law provided remedies that were exclusive or mandatory or that it was intended to impose a rule of public policy preventing the making of a contract providing other remedies. In fact the provisions of subdivision 2 of the section would indicate that the Legislature had a contrary intention, for that subdivision permits

an action for the price to be maintained where, under the terms of the contract, the price is payable on a day certain irrespective of delivery or transfer of title. If a buyer may contract to pay the price on a day certain, irrespective of passing of property, we see no reason why he may not agree that the balance of the price shall be payable upon his default in accepting the goods or in paying an installment. Many text writers recognize the right so to contract. Benjamin, in his work on Sales ([7th ed.] p. 860), says: " Although in general the seller's recovery in damages is limited to the difference between the price fixed in the contract and the market value on the day appointed for delivery,— according to the rule as stated by PARKE, B., in *Laird* v. *Pim*, 7 M. & W. 474, that ' a party cannot recover the full value of a chattel unless under circumstances which import that the *property has passed* to the defendant, as in the case of goods sold and delivered where they have been absolutely parted with and cannot be sold again,'— there may be special terms agreed on, in conflict with the rule. A seller may well say to a buyer: ' I want the money on such a day, and I will not sell unless you agree to give me the money on that day, whether you are ready or not to accept the goods; ' and if these terms be accepted, the seller may recover the whole price of goods although the property remains vested in himself. (*Dunlop* v. *Grote*, [1845] 2 C. & K. 153; 80 R. R. 834.) In such a case the buyer would be driven to his cross action if the seller, after receiving the price, should refuse delivery of the goods."

Professor Williston, in his work on Sales (2d ed.), says at section 579: " Of course it is entirely possible to make the price payable irrespective of delivery as well as of transfer of the property in the goods, but such a contract must be unusual."

The right to provide by contract for the payment of the price, irrespective of the passing of property, has been recognized by the courts in other States. (*Cadillac Machine Co.* v. *Iron Co.*, 205 Mich. 107; 171 N. W. 479; *Wales Adding Machine Co.* v. *Huver*, 98 N. J. L. 910; 121 A. 621; *White* v. *Solomon*, 164 Mass. 516; 42 N. E. 104; *Burroughs Adding Machine Co.* v. *Prop. of Cemetery of Mt. Auburn*, 217 Mass. 378; 104 N. E. 744.)

In *Lumbrazo* v. *Woodruff* (256 N. Y. 92) our Court of Appeals said that neither party to a contract of sale was obliged to make such an agreement, and that there is no public policy which prevented adult persons of sound mind making such agreement as they please, not prohibited by statute, or contrary to natural justice and good morals. The last cited case did not involve a conditional sale, but an agreement that there would be no implied warranty in connection with an ordinary sale. Such provision was

contrary to the provisions of our Personal Property Law. True, section 152 of the Personal Property Law expressly grants the right to negative by agreement any implied right or duty arising under a contract. Even though section 152 be held not to apply to rights expressed and not left to implication, we think that the *Lumbrazo* case indicates the rule to be that ordinarily those buying goods under sales contracts may agree upon a matter such as acceleration of the date of payment of the price without offending public policy, for there is no prohibition in any statute against such an agreement and it does not offend natural justice or good morals.

Section 80-f of the Personal Property Law sets forth certain rights which a conditional vendee may not waive. That section, however, limits the provision against waiver to those rights afforded the buyer by sections 78, 79, 80, 80-a and 80-e of the statute. The latter sections have reference to the rights of a conditional vendee on the retaking of the goods by the seller and concern redemption, resale, obtaining credit for the sums obtained on resales and similar matters. These are rights of the same class that were involved in the case of *Crowe* v. *Liquid Carbonic Co.* (208 N. Y. 396). In that case, which was decided prior to the adoption of the Uniform Conditional Sales Act, the Court of Appeals held that the waiver in a contract of conditional sale of the vendees' rights with respect to notice, retention of the goods when retaken, and resale provided in former section 65 of the Personal Property Law, would be void as against public policy. The court said that the legislative purpose in granting such rights was to mitigate the possible harshness of contracts of conditional sale by preserving certain rights to the vendees. The rights referred to were of such nature that they were necessary to afford such a buyer protection against improvident agreements which might effect the loss of both the goods and his money. Such a result would be offensive to natural justice.

We have no such situation in the present case. Here, if the defendant pays the balance of the price, he will be entitled to the goods, and we see no hardship involved in permitting a conditional purchaser to agree to pay the whole price at an earlier date in the event of his default in carrying out his agreement.

Under the circumstances, it is not necessary for us to determine whether the contract in suit provided for payment on a day certain within the meaning of subdivision 2 of section 144 of the Personal Property Law.

The determination, in so far as it affirms the order granting defendant's motion to dismiss the complaint, and the judgment entered thereon, should be reversed and the motion denied, and,

in so far as it affirms the order denying plaintiff's motion for summary judgment, the determination should be affirmed, without costs.

MARTIN, P. J., GLENNON, UNTERMYER and COHN, JJ., concur.

Determination, in so far as it affirms the order granting defendant's motion to dismiss the complaint, and the judgment entered thereon, unanimously reversed and the motion denied, and, in so far as it affirms the order denying plaintiff's motion for summary judgment, the determination is affirmed, without costs.