Morley, J.
This is an action in which the plaintiff seeks to recover damages for a breach of an alleged contract. The plaintiff’s declaration consists of two counts. In the first count, the plaintiff claims that the defendant had agreed in writing to sell him a certain used car or automobile for $1850.00, and that certain terms regarding a cash allowance for another automobile and other financing terms *22 had been agreed upon, but that on the date when the sale was to be completed the defendant refused to perform his obligations under the alleged written agreement. In the second count, the plaintiff repeats the above allegations and, in addition, states that the defendant had notified him the automobile in question had been sold to another.
The answer is a general denial and the special answer of payment in full.
At the trial, the plaintiff offered the following written instrument and it was admitted in evidence:
BILL OF SALE
MASSACHUSETTS MOTOR SALES 109 Broadway Methuen, Mass.
Route 28 Telephone 35922
Date April 7, 1948
Make of car 1947 Chevrolet Club Coupe Motor No. EAM 79892 Serial No. 2EJ08690 Sold To: Van H. Babb
12 Lafayette Street Lawrence, Mass.
For the sum of............$1850.00
Deposit ..................$ 20.00
Balance ..................$1830.00
Date To be financed thru Arlington Trust Co., Thursday April 8,1948
The .seller makes NO WARRANTY OR REPRESENTATION, WHATEVER, express or implied, in respect to this automobile, or any part thereof. This is a CASH SALE. Title to this automobile shall not pass until all of the price has been paid to the Seller; and if any check or draft is tendered in payment, it must first-be cashed by seller’s bank before title passes. Time is of the essence. If balance of cash price is not paid to seller, on or before the date stated above, ANY DEPOSIT PAID BY BUYER SHALL BE FORFEITED, and kept by seller as damages.
(Signed) FREDERICK BARRY,
For Massachusetts Motor Sales.
*23 The plaintiff introduced evidence that one Frederick Barry .signed this Bill of Sale as an agent of the defendant corporation.
The plaintiff did not introduce in evidence any other written contract or written agreement.
The plaintiff introduced oral evidence that the defendant agreed to make a cash allowance of $250.00 for a Ford automobile then owned by the plaintiff and to be taken as a “trade-in” by the defendant; that the plaintiff was prepared to pay $600.00 in cash and to turn over a 1936 Ford automobile as a “trade-in” and to finance the remaining balance of $1000.00 through the Arlington Trust Company of Lawrence, Massachusetts, and introduced evidence that he was otherwise ready, willing and able to perform Ms obligations; that on April 8, 1948 the plaintiff called at the defendant’s place of business to conclude the purchase of this automobile and was then told by said Barry that the automobile had been sold.
The defendant, through its witnesses Norman E. Martin and said Barry, admitted the execution of the written agreement dated April 7, 1948 but denied that any “trade-in” or cash allowance of $250.00 for the plaintiff’s automobile had been agreed upon; and denied that they had told the plaintiff the automobile in question had been sold; and denied that the plaintiff had made a tender of $600.00 in cash when he called at the defendant’s place of business on April 8, 1948; and the defendant’s witnesses testified that the reason why the agreement to sell was not consummated was due to the plaintiff’s insisting he should receive $250.00 as a cash allowance for his automobile but that, at no time, did the defendant’s agents or employees make such an agreement with the plaintiff.
The plaintiff called a witness, Hyman White, who was allowed to testify as to the value of 1947 Chevrolet club coupes in the used car market in April, 1948. This testimony was objected to by the defendant.
*24 The defendant made, among others, the following request for ruling:
No. 7. "Where the plaintiff fails to produce evidence at the trial in support of all of the allegations in his declaration, he has failed to sustain the burden of proof and the finding should be for the defendant.
The court granted request numbered 7 and made the following special finding:
‘ ‘ I find that the parties hereto entered into a written contract which was broken by the defendant and that the plaintiff, as a result, was damaged to the extent of $175. I therefore find for the plaintiff for $175.”
The defendant claimed that as the court based its finding for the plaintiff upon the written 'agreement introduced and admitted in evidence which was a different contract than the one the plaintiff declared on in his declaration, that this was inconsistent with the allowance by the court of request for ruling numbered 7. ,
As the report states that “the plaintiff did not introduce in evidence any other written contract or agreement” it necessarily follows that the “Bill of Sale” set out above is the “written contract” referred to in the special finding of the trial judge.
This written contract states clearly that “This is a cash sale.” There is no reference to the trade in of another car. The trial justice based his finding for the plaintiff on this written agreement . This finding is clearly inconsistent with the provisions of the agreement.
The paroi evidence rule is a principle of the substantive law of contracts, rather than a rule of evidence. It has been held that “. . . when parties have deliberately put their agreements in the form of a written contract they shall not be allowed to show that the agreement was something else.” Mears v. Smith, 199 Mass. 319.
*25 “The rule is not affected in its application by the fact that incompetent paroi testimony is introduced without objection.” Black v. Bachelder, 120 Mass. 171.
The trial justice erred, after specifically making a finding that the parties entered into a written contract by then making a finding for the plaintiff which was inconsistent with its provisions. There is no testimony that the plaintiff was at any time ready, willing and able to pay cash for the car in accordance with the terms of this contract.
In view of the above, it becomes unnecessary to consider the other questions raised in the report.
The finding for the plaintiff is therefore vacated and a finding entered for the defendant.