■ NATIONAL CASH REGISTER COMPANY, Appellant-Respondent, v. JOSEPH TARTAGLIONE, Respondent-Appellant, et al., Defendant.— Judgment and order of Erie County Court unanimously modified by reversing that part which dismissed the complaint and granted summary judgment to defendant and otherwise affirmed in accordance with memorandum, without costs of these appeals to either party. Memorandum: Plaintiff brought this action for the purchase price of a cash register which it alleged defendant Tartaglione contracted to buy. Defendant interposed an answer and supplemental complaint which contained a general denial and set forth four separate and affirmative defenses, in the third and fourth of which he alleges not only affirmative defenses but also affirmative causes of action against the plaintiff corporation and two of its employees in which he counterclaims for damages for an alleged conspiracy to institute and maintain this action against him. A motion was made by plaintiff in City Court for summary judgment, and by the plaintiff and third-party defendants (the individual employees of plaintiff) to strike out the counterclaim. Defendant Tartaglione cross-moved for summary judgment. At this juncture the court denied plaintiff's motion for summary judgment but granted that part of plaintiff's motion which asked to strike out the counterclaim. The court

further granted the defendant's motion for summary judgment and directed the return of $30 deposit made by defendant at the time of the execution of the alleged contract. After rendering this decision the Trial Judge granted reargument, reversed and vacated his earlier decision so far as it related to summary judgment and granted summary judgment to the plaintiff for the purchase price. An appeal was taken to County Court which resulted in a reversal of the plaintiff's summary judgment and granted summary judgment to the defendant. In the judgment entered upon the County Court decision the court ordered the first City Court judgment in favor of the defendant reinstated. No mention was made of the counterclaim in the County Court judgment, but the reinstated first City Court judgment had provided for a dismissal of the counterclaim. The pleadings and affidavits clearly raise several questions of fact which cannot be resolved by summary judgment. Among these questions are those dealing with the circumstances surrounding the execution of the alleged contract and what was in it at that time, what was added thereto after its execution and the effect of such additions and whether there was an escrow arrangement as claimed by the defendant but denied by the plaintiff. The issues involving these and other questions of fact can only be resolved by a trial. These issues are presented by the complaint, the general denial and the first and second affirmative defenses of the amended answer, as well as the affidavits. It follows, therefore, that the granting of summary judgment to any of the parties should be reversed. That part of the judgment of City Court striking out the counterclaim contained in the third and fourth defenses, which was affirmed by the County Court's judgment reinstating the first City Court judgment, is affirmed (*United States* v. *Kissel,* 218 U. S. 601, 608; *Dalury* v. *Rezinas,* 183 App. Div. 456, 459, affd. 229 N. Y. 513). Simply stated, a trial is directed in City Court of the issue of whether plaintiff is entitled to recover for the alleged sale of the cash register to defendant (cf. *National Cash Register Co.* v. *Lyon,* 257 App. Div. 273). (Appeal from judgment and order of Erie County Court, reversing judgment of Buffalo City Court, and directing summary judgment in favor of defendant Tartaglione; also, appeal by defendant Tartaglione from that part of the judgment which failed to reinstate the affirmative defenses and counterclaims of defendant against the plaintiff.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.