Houston, J.
INTRODUCTION
This action arises from a breach of contract claim filed by the plaintiff Barry Berman (“Berman”). In 2000, the defendant Jeanne K. Cosmos (“Cosmos”) and Brown, Rudnick, Freed & Gesmer, P.C. (“Brown Rudnick”) executed a Promissory Note (the “Note”) which was subsequently assigned to Berman. Pursuant to Mass.R.Civ.P. 56(c), Berman moves for partial summary judgment on the issue of Cosmos’ liability on the promissory note claiming there is no genuine dispute of fact regarding Cosmos’ liability on the note, and he is entitled to judgment as a matter of law. At the hearing, Cosmos, an attorney who appeared pro se, claimed there is a genuine dispute of material fact and defends her liability on the note. Cosmos, however, failed to file any motions in accordance with Superior Court Rule 9A. For the following reasons, Berman’s Motion for Partial Summary Judgment is ALLOWED.
BACKGROUND
On or about June 28, 2000, Cosmos entered into, executed and delivered to Brown Rudnick a promissory note in the amount of $ 10,000.00 with an interest at a rate of 6% per annum from June 28, 2000. The Note required Cosmos to make one payment of $10,000.00, plus interest on demand. In the event that the holder of the Note was required to institute legal action to collect on the Note, Cosmos would pay reasonable attorneys fees associated with such proceedings.
On June 22, 2001, Brown Rudnick conveyed and assigned to Berman all of its rights, title and interest in the Note as an assignment of indebtedness. Cosmos failed to pay any of the amount owed to Berman despite repeated payment demands. Berman claims that as of June 29, 2004, the total amount due to him under the Note is $12,624.77 plus attorneys fees and costs.
DISCUSSION
Summary Judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving parly bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing parly’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 401 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Motions for summary judgment are common in actions to recover on a promissory note. Once the plaintiff produces the note and establishes through discovery the genuineness of the defendant’s signature and the amount due, he is ordinarily entitled to summary judgment unless the opposing party, by affidavits or sworn evidence, is able to set forth specific facts showing an affirmative defense or a genuine issue for trial. Mass.R.Civ.P. 56(e); Guiness Import Co. *484 v. DeStefano, 25 Mass.App.Ct. 366 (1980); United States Trust Co. of New York v. Herriott, 10 Mass.App.Ct. 313 (1980).
In this case, Berman produced the Note specifying the amount due, the interest rate, and the obligor’s liability for attorneys fees if a collection action is instituted. The plaintiff also produced the Assignment of Indebtedness documenting the assignment of Brown Rudnick’s interest in the Note to Berman. Furthermore, it is undisputed that Cosmos signed the Note. Indeed Cosmos admitted signing the Note in interrogatories propounded by the defendant. There is no genuine issue for trial regarding Cosmos’ liability for the Note.
Cosmos raises an affirmative defense in her opposition to Berman’s Motion for Partial Summary Judgment and Cross Motion regarding her liability on the Note. Cosmos claims that the Note was executed in consideration for legal representation. Cosmos claims that since the legal representation was inadequate Brown Rudnick, the original promisee, failed to complete performance, leaving her with an affirmative defense to her obligation under the Note. Cosmos, however, did not file these motions in accordance with Rule 9A(b) of the Superior Court. Rule 9A(b) requires a party opposing a motion for summary judgment to submit and serve the moving party within 21 days of service of the motion for summary judgment. Berman filed his motion for partial summary judgment and served Cosmos with his motion on or around September 1, 2004. Cosmos did not serve Berman with her opposition or file it with the court until the date of the hearing, November 3, 2004. When a party falls to respond to a motion for summary judgment in accordance with Rule 9A(b), the statement of facts contained in the moving party’s motion “shall be deemed to have been admitted unless controverted” in the manner required by the Rule. Graphics Financial Group, Inc. v. Arc-O-Type Graphics, Inc., 24 Mass. L. Rptr. 551, 2001 Westlaw 170459 (Mass.Super. Jan. 23, 2001). Consequently, a motion for summary judgment is proper based solely on Cosmos’ failure to respond to the plaintiffs statement of undisputed material facts. See id.
Even if this Court, in its discretion did not apply Rule 9A(b)(5) strictly, and accepted Cosmos’ Motion, her claim addressing the validity of the legal bills that underlie the Note is not a valid affirmative defense in this action. The obligation arising under a promissory note is separate and independent from an obligation arising under an agreement underlying the note. See Pooruu v. Weisberg, 286 Mass. 526, 538-39 (1934). A defense to such agreement is not an appropriate defense to a breach of the note itself. Poorvu, 285 Mass, at 538-39. A counterclaim regarding underlying agreements is a basis for an independent action or cross-claim. Id.; Loveland v. Epstein Drug Co., 227 Mass. 311, 314 (1917).
There is no genuine issue of fact for trial because Berman’s statement of undisputed facts is to be admitted by reason of Cosmos’ failure to respond in the manner required by the Rule. Even if Cosmos’ motion in opposition was accepted by this court, she does not dispute the validity of the Note, her signature on the Note, and nor does she raise a appropriate affirmative defense to her obligation on the Note. Berman is entitled to judgment as a matter of law regarding Cosmos’ liability on the Note.
ORDER
For the foregoing reasons, the plaintiffs Motion for Partial Summary Judgment is ALLOWED.