(67 App. Div. 145.)

LANDRETH et al. v. WYCKOFF.

(Supreme Court, Appellate Division, Second Department. December 5, 1901.)

1. SEEDS—IMPLIED WARRANTY—PRIVITY—DAMAGES.
    Where a grower sells seeds which are impure by reason of cross fertilization, there is a breach of the implied warranty that the seeds are free from defects arising from improper and negligent cultivation.

2. SAME—EARLY VEGETABLES—EXPRESS WARRANTY.
    Where, on selling seed peas to a market gardener, plaintiff's agent expressly guarantied them to "pick four or five days earlier than any other seed on the market," plaintiff is responsible for damages resulting from a breach of such warranty.

3. SAME—IMPLIED WARRANTY.
    Where a seed grower sells seed peas to a market gardener in compliance with his request for the earliest peas, there is an implied warranty that the peas are of such character.

4. SAME—NOTICE ON INVOICE.
    Where seeds are sold by a grower to a gardener with warranty of quality and suitableness for his purpose, the warranty is not affected by the bill having thereon a notice in small type, and not observed by the purchaser, that the sellers give no warranty of any seeds they send out, and that, if the purchaser does not accept the goods on those terms, they are at once to be returned.

5. SAME—BREACH OF WARRANTY — DAMAGES— VALUE OF CROP — EXPENSE OF RAISING.
    Where there is a breach of warranty of quality and suitableness of seeds sold by the grower to a market gardener, the measure of damages is the value of the crop had the seeds been as warranted, less the expenses of raising the crop and the value of the crop actually raised.

6. SAME—EVIDENCE—VERDICT.
    Where, in an action for breach of warranty of vegetable seeds, there is evidence of the warranty and breach and of the value of the crop which would have been raised from the seeds as warranted, but no evidence as to the expense of raising such crop, a verdict for substantial damages is not justified.

Appeal from municipal court, borough of Brooklyn, First district. Action by Oliver Landreth and others against Archibald F. Wyckoff. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Uriah W. Tompkins, for appellants.
Charles B. Law, for respondent.

WILLARD BARTLETT, J. This is an action by seed growers to recover the purchase price of certain seeds sold by them to a farmer. The purchase included seeds of the Early Summer Flathead Cabbage, seeds of the Long Blood Beet, and seed peas of the variety known as "Landreth's Extra Early Pea." In regard to these seeds, the defendant set up a breach of warranty as the basis of a counterclaim for damages, and upon this counterclaim he has recovered a judgment of $510 against the plaintiffs. As to the cabbage

and beet seed, there was evidence tending to show that the seeds were impure by reason of cross fertilization, thus bringing the case within the doctrine of White v. Miller, 71 N. Y. 118, 27 Am. Rep. 13,—that upon the sale of seeds by the grower there is an implied warranty that they are free from any defects arising from improper and negligent cultivation. As to the seed peas, the defendant testified that the plaintiffs' agent who made the sale expressly guarantied them to "pick four or five days earlier than any other seed on the market"; and, apart from this express warranty, the evidence sufficed to bring this part of the case within the rule laid down in Van Wyck v. Allen, 69 N. Y. 61, 25 Am. Rep. 136, to the effect that, "if one goes to another, and says to him that he desires an article for a certain purpose, and that other, knowing that the first one relies upon his complying with his desire, furnishes an article, the law implies that that article is delivered with a warranty that it accords with the desire." To rebut any implication of warranty, the plaintiffs rely largely upon a notice printed in small type at the upper left-hand corner of the bill which they rendered to the defendant, which notice is in these words:

"D. Landreth & Sons give no warranty, express or implied, as to the description, quality, and productiveness, or any other matter, of any seeds they send out, and they will not be in any way responsible for the crop. If the purchaser does not accept the goods on these terms, they are at once to be returned."

The defendant testified that, although he received the bill before planting the seeds, he did not then observe this disclaimer, and, indeed, had never seen it until it was brought to his attention upon the trial. Whatever might have been its legal effect if he had become cognizant of its existence and purport before using the seeds, it cannot be deemed to have entered into or altered the contract between him and the seed growers under the circumstances.

The rule of damages applicable to the breach of such a warranty as that relied upon in this case is stated in Passinger v. Thorburn, 34 N. Y. 634, 90 Am. Dec. 753, where the subject of the sale was Bristol cabbage seed, and it was held that the damages properly recoverable would be the value of a crop of Bristol cabbages, such as the jury should believe would ordinarily have been produced that year, deducting all expense of raising the crop, and also deducting the product or value of the crop actually raised. This rule was expressly approved in White v. Miller, supra, after a careful reconsideration. If it had been followed in the municipal court, I think this judgment would have been unassailable. The minutes show, however, that in arriving at the amount of damages the trial justice could not have taken into consideration the expense of raising crops of cabbages and peas such as he found would have been produced by good seed. The reason for this conclusion is that the record contains no testimony whatever as to the cost of cultivating such crops, and yet it was essential to ascertain that cost, and deduct it from their value, under the rule in Passinger v. Thorburn. There is a little testimony as to the cost of cultivating beets, but it is not clear that even that applies to a normal crop. This defect in

the proof deprives the award of damages of an essential support, and, in my opinion, requires us to grant a new trial.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur; HIRSCHBERG, J., in result.