(75 App. Div. 262.)

KINSEY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 3, 1902.)

1. TRESPASS—WITHDRAWAL OF WATERS FROM LAND—MEASURE OF DAMAGES.
    The measure of damages for withdrawal of waters from land is not the loss of profits on crops, and expenses incidental to the loss of the water, but the diminution in rental value by reason of the trespass.

Appeal from trial term, Queens county.

Action by John Kinsey against the city of New York. From a judgment on a verdict for plaintiff for less than prayed, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George Wallace, for appellant.

R. Percy Chittenden (James McKeen, on the brief), for respondent.

HIRSCHBERG, J. This is an action brought to recover damages sustained during the six years preceding the litigation by the withdrawal of surface and subsurface water from the plaintiff's farm in the maintenance and operation of the defendant's pumping stations. There was no exception taken to the charge to the jury, and no objection is made to the single item of damage which was submitted to them, and on which a small verdict in the plaintiff's favor is based.

The only question presented on the appeal relates to the propriety of the rulings of the learned trial justice upon the measure of damages applicable to the case. The rule of damages was established, after careful consideration and research, in the case of Reisert v. City of New York, 69 App. Div. 302, 74 N. Y. Supp. 673, to be the diminution in rental value by reason of the trespass. It may be that some of the evidence excluded by the trial court would have been legitimate as tending to bear upon the question of rental value; but the case was not tried by the plaintiff upon that theory, but was tried solely upon a claim of right to recover his loss of profits on crops and expenses incurred incidental to the loss of the water. The brief presented by the learned counsel in his behalf is mainly devoted to argument designed to show that the authority of the Reisert Case, supra, is to be limited in its application to damages for the loss of anticipated or future crops, and is not to be applied to damages for the loss or injury to crops in the past. In that case, however, the claim was wholly for past damages, although the action was in equity for a permanent injunction. The decision settles the measure of damages in cases of this character until a different rule shall be established by a higher court. There is no inconsistency between the rule of damages so adjudged and that asserted in the case of Landreth v. Wyckoff, 67 App. Div. 145, 73 N. Y. Supp. 388, upon which the appellant relies. Each decision was predicated upon ample authority, in which the respective measures of damage were established in the court of appeals. The latter case was not one of injury to realty by way of trespass, but was an action for breach of warranty on a sale of seed. The seed was sold with a known view of producing a certain result by cultivation, and the loss sustained is the difference in the net result occasioned by the breach and such result if the seed had been as warranted. It is unnecessary to discuss the reasons which have influenced the courts in the respective determinations, as they are readily ascertainable upon examination of the adjudications by which they are supported. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.