WALSH et al. v. HOWARD & CHILDS et al.

(Supreme Court, Appellate Term. December 16, 1908.)

1. PRINCIPAL AND AGENT (§ 119*)—NECESSITY OF WRITTEN AUTHORITY—WAIVER—EVIDENCE.

Where a building contract provided that no changes should be made in the plans without an order signed by the owners or their attorney duly authorized by sealed power of attorney, the contractor, in an action by him to recover extra compensation for changes made in the plans without a written order therefor, recovery being sought on the ground that defendants waived the provision by theretofore paying for another change made on an order signed by the attorney in his own name without a power of attorney under seal, has the burden of proving that such attorney did not possess the requisite authority.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 119.*]

2. CONTRACTS (§ 232*)—PERFORMANCE OF EXTRA WORK—RESTRICTIONS IN CONTRACT—WAIVER—EVIDENCE.

Waiver of a provision in a building contract that changes should not be made in the plans unless the order therefor was signed by the owner or his attorney under sealed power of attorney is not shown by evidence that prior to the making of the change for which extra compensation is sought, the owners paid for a change without a written order, and that in another instance the written order was signed by the name of the attorney alone without a sealed power of attorney, and on still another occasion the written order for the extra work was not made until after the work had been completed.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1090; Dec. Dig. § 232.*]

3. CONTRACTS (§ 232*)—PERFORMANCE OF EXTRA WORK—RESTRICTIONS IN CONTRACT—WAIVER.

Waiver in particular instances of a provision in a building contract that changes involving extra work must be made on the written order of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the owner does not abrogate the provision as far as subsequent changes are concerned.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1090; Dec. Dig. § 232.*]

4. FRAUD (§ 31*)—ACTION FOR COMPENSATION UNDER CONTRACT—RECOVERY OF DAMAGES.

Though a building contractor was misled into doing extra work without a written order, as required by the contract, by the promise of the owner's manager that he would accept in writing the contractor's proposal, damages on account of the act of such manager cannot be recovered in an action by the contractor for extra compensation.

[Ed. Note.—For other cases, see Fraud, Dec. Dig. § 31.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by John F. Walsh and another against Howard & Childs and another. From a judgment for plaintiffs, defendant Childe H. Childs appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Beardsley & Hemmens, for appellant.

Valentine Taylor, for respondents.

FORD, J. Plaintiffs were constructing and repairing a certain boiler house for the defendant under a contract in which the following provision appears:

"Should the owner at any time during the progress of the work request any alterations, deviations, additions, or omissions on this contract, they may do so, but the same shall not in any manner vary or affect this contract or the amount to be paid to the contractor hereunder; and no claims for any payment or allowance shall be made by either party unless the order for such alterations, additions, or omissions shall be signed by the owner or their attorney, duly authorized thereto by sealed power of attorney, and the work and the amount to be paid or allowed thereupon fixed and determined by contract signed by the owner or their attorney duly authorized as aforesaid."

In the course of operations, it seemed that certain work was done which the contractors claim entitles them to extra compensation, and they sue for the agreed price thereof. The defense is failure to show written authorization as required by the contract, but plaintiffs contend that such authorization was waived by the course of dealing and the conduct of the parties. The defendant called no witnesses, and the plaintiffs had judgment, from which this appeal is taken.

To show waiver, plaintiffs undertook to prove that other extra work had been done and paid for without written authorization. In one instance it appears that the plaintiffs submitted to the manager of the defendant a proposal and estimate, written on the letter head of the defendant, for furnishing and erecting a concrete foundation around a certain pump for $30. This was left with Barber, defendant's manager, and a copy of it made and retained by one of the plaintiffs. It is conceded that this work was done and paid for. Plaintiffs put in evidence the copy which was not signed by them, and the defendant introduced the original, which is so signed, bearing, on its face, the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

words, "Accepted, Howard & Childs, Barber." This is slight evidence indeed as to waiver of the contract provision so far as this piece of extra work is concerned.

The second instance in which plaintiffs insist that the defendant waived the contract provision is sought to be proved by a proposal and estimate similarly submitted in writing which reads as follows:

[Letter head of J. F. Walsh & Bro.]

"New York, May 23, 1907.

"Messrs. Howard & Childs, 524 West 33rd Street, N. Y.
　　　　　Re Addition to Boiler House.

"Estimate......12" walls.

"Gentlemen: We propose to furnish materials and labor to increase new walls shown on your plans from 8" to 12" as requested by the building department, for the sum of $290.00.

　　　"Respectfully submitted,　　　　J. F. Walsh & Bro.,
"Dic. Law/J. R.　　　　　　　　　　　　　Per L. A. Walsh.
　　"O. K.　S. M. Barber."

It will be observed that this was accepted by Barber in writing, but plaintiffs make the point that it shows waiver, in that there is no proof that Barber was the defendant's "attorney, duly authorized thereto by sealed power of attorney," as required by the contract. The burden of showing that he was not rests upon the plaintiffs. They are attempting to show authorization of extra work by one not empowered to authorize it as proof of waiver of the terms of the contract, and they must show it. The burden does not shift to the defendant. The authority of Barber in the premises was never questioned, so far as the record shows, while the work was in progress, and there is nothing as to whether he had the requisite power of attorney or not. Certainly no presumption that he did not have such authority arises in favor of the plaintiffs as an aid to them in proving their case.

A third instance of waiver of the contract is sought to be shown by a third written proposal of the defendant introduced in evidence relative to the foundation of the boiler house to cost $47. Upon this no written acceptance appears, but the plaintiffs admit in their brief that it was afterwards accepted in writing and the work paid for, although previously a verbal estimate had been made to Barber. This is very slight evidence of a waiver of the requirement of the contract that extra work would be paid for only when done under an independent contract in writing between the parties. All three of the alleged instances of waiver tend to prove rather the consistent observance of that provision than a failure to observe it. All the proposals are made in writing, and two of them were accepted in writing by the manager of the defendant. The third as introduced in evidence by the defendant contained upon it Barber's written acceptance. The unsigned copy of that proposal, introduced by the plaintiffs, alone lacked the defendant's written acceptance.

It is the fourth piece of extra work with which we are directly concerned on this appeal. A written proposal and estimate of its cost in practically the same form as that used on previous occasions was prepared by plaintiffs, but it was never accepted in writing by the

owner, his manager, or any one on his behalf. To this suit brought for the agreed price of the work, defendant interposes as his defense the provision of the contract which plainly says that no extra work shall be paid for except under an independent contract in writing signed by the owner or his duly authorized attorney. That defense is sufficient to defeat the claim of plaintiffs. Langley v. Rouss, 185 N. Y. 201, 77 N. E. 1168. Even assuming that the contract provision was waived in the three previous transactions shown by plaintiffs, the waiver in each case would apply to the particular case only, since each related to an independent transaction. The defendant was at liberty to insist on strict compliance with the contract as to any future transaction of a similar nature as was held in Gardner v. Clark, 21 N. Y. 399. It may be that defendant's manager misled plaintiffs into doing this extra work by promising to accept their proposal in the form and manner required by the contract, as some of the testimony suggests, but damages on that account may not be recovered in this suit.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.