THEODORE LUMBRAZO, Respondent, *v.* S. D. WOODRUFF et al., Appellants.

(Argued February 16, 1931; decided March 24, 1931.)

*Heber E. Griffith* and *R. J. Woodruff* for appellants. A disclaimer of liability clause is not against public policy and is lawful and enforcible according to its intent, providing only that such intent be expressed in clear, apt and unmistakable language. (*Sanford* v. *Brown Bros. Co.*, 208 N. Y. 90; *Plimpton* v. *Brown Bros. Co.*, 224 N. Y. 724; *Landreth* v. *Wyckoff*, 67 App. Div. 145; *Bell* v. *Mills*, 68 App. Div. 531; *Stroock* v. *Litchenthal*, 224 App. Div. 19; *White* v. *Miller*, 71 N. Y. 118; *Van Wyck* v. *Allen*, 69 N. Y. 61; *Prentice* v. *Fargo*, 53 App. Div. 608; *Depew* v. *Peck Hardware Co.*, 121 App. Div. 28; *Schoelkoff*

v. *Coatsworth,* 166 N. Y. 77; *Possinger* v. *Thorburn,* 34 N. Y. 634; *Lichtenstein* v. *Rabolinsky,* 98 App. Div. 516; 184 N. Y. 520.)

*R. R. Calli* and *R. D. Woolsey* for respondent. The non-warranty clause was not a part of the contract. (*Laudreth* v. *Wyckoff,* 66 App. Div. 145.) The non-warranty clause, if intended as a part of the contract, was superseded and made null and void by an express warranty. (*Chadsey* v. *Guion,* 97 N. Y. 332.)

CRANE, J. The plaintiff is a farmer living in Canastota, N. Y., and the defendants are growers of, and dealers in, seeds in the State of Connecticut.

On May 14, 1926, the defendants sold to the plaintiff 300 bushels of Japanese onion sets at $3.50 per bushel. The sales contract contained a disclaimer of warranty clause reading: " We give no warranty, express or implied, as to description, quality, productiveness, or any other matter, of any seeds sent out, and will be in no way responsible for the crop, and the purchaser hereby waives the right of refusal and return of goods which is usually connected with the non-warranty."

The peculiarity of the Japanese onion sets is that under favorable conditions they produce a very large crop. The year previous, out of a purchase from the same defendants of one hundred bushels of Japanese onion sets, the plaintiff had raised twenty-two hundred bushels. While the Japanese onion may be of a somewhat better quality than others, " its productive ability is the greatest characteristic." The small bulb onion, or set, about one-half inch in diameter, has no distinguishing features which from inspection will indicate its vitality. From the fact that the planting of these three hundred bushels of sets produced about eighty per cent of seed stalks, and only one thousand bushels of onions, the conclusion has been reached that the sets could not have been Japanese onion sets, but those of an inferior grade or quality. The

plaintiff has brought this suit for breach of warranty, in which he has recovered a judgment of $661.58. The Appellate Division, in affirming, has certified that a question of law is involved which should be reviewed by this court. The question is the validity and scope of the disclaimer of warranty clause.

Prior to the Uniform Sales Act, adopted in this State September 1, 1911, article 5 of the Personal Property Law (Cons. Laws, ch. 41), a sale by description was supposed to be an inherent part of the contract separate and distinct from any agreement, express or implied, amounting to a warranty. If the goods purchased were not of the kind ordered, it was the buyer's duty to return them within a reasonable time, and no cause of action for damages survived acceptance. In *Reed* v. *Randall* (29 N. Y. 358, p. 362) this rule was stated in the following language: " In cases of executory contracts for the sale and delivery of personal property, the remedy of the vendee to recover damages, on the ground that the article furnished does not correspond with the contract, does not survive the acceptance of the property by the vendee after opportunity to ascertain the defect, unless notice has been given to the vendor, or the vendee offers to return the property. The retention of the property by the vendee is an assent, on his part, that the contract has been performed."

Where the defendants purchased No. 1 extra foundry pig iron of the Coplay Iron Company, Ltd., make and received iron of a different make and inferior quality, but failed to return or offer to return the delivery after the facts became known, this court said: " Here there was no collateral warranty or agreement as to the quality of the iron. The representation as to the kind and quality of iron was part of the contract of sale itself, descriptive simply of the article to be delivered in the future; and clearly within the cases cited an acceptance of the property by the defendants, without any offer to return the same at any time, deprives them of any right to make com-

plaint of its inferior quality." (*Coplay Iron Co.* v. *Pope*, 108 N. Y. 232.)

The words of description or of identification of a kind or class of property purchased have been considered not as warranties, but conditions precedent to any obligation on the part of the vendee, since the existence of the qualities indicated by descriptive words, being part of the description of the things sold, becomes essential to its identity, and the vendee cannot be obliged to receive and pay for a thing different from that for which he contracted. (*Carleton* v. *Lombard, Ayres & Co.*, 149 N. Y. 137, p. 148; Williston on Sales, vol. 1, §§ 179, 180, 205, 224.)

The distinction between a description amounting to a condition in the contract, or an essential part of the article sold, and a warranty, was quite important. As stated, when description was a condition, no right of recovery survived acceptance, whereas, for breach of warranty the buyer could retain the goods and sue to get his damage. Some confusion in the use of these terms arose, as is evident by the language of the opinion in *White* v. *Miller* (71 N. Y. 118, 129). The plaintiffs, who were market gardeners, purchased of the defendants market cabbage seeds of a variety known as Large Bristol Cabbage. The seeds were impure and of different variety, so that the plants raised therefrom were worthless. This court said: "A dealer who sells an article, describing it by the name of an article of commerce, the identity of which is not known to the purchaser, must understand that the latter relies upon the description as a representation by the seller that it is the thing described; and this constitutes a warranty."

In my judgment, the sounder view, however, was later expressed in the opinion by placing the decision upon the further ground that there always was an implied warranty that the thing sold was free from any latent defect arising from the mode of cultivation or the manner of manufacture, citing *Hoe* v. *Sanborn* (21 N. Y. 552).

With cabbage seed no inspection could have disclosed its kind or purity so as to permit the purchaser to return the article under the condition precedent rule, relating to sales. The discovery of the kind and nature of the seed could only be disclosed by the crop, but it would then be too late to return or offer to return the seeds. The warranty was, therefore, applied to an inherent defect which no inspection would disclose. This distinction runs through such cases as *Hawkins* v. *Pemberton* (51 N. Y. 198), and *Van Wyck* v. *Allen* (69 N. Y. 61). No doubt it was difficult at times to distinguish between description and assertions as to quality or condition.

All these distinctions causing more or less confusion and uncertainty in the law have been swept away by the Uniform Sales Act, and we now have in section 95 of the Personal Property Law the provision that where there is a contract to sell, or a sale of goods by description, there is an implied warranty that the goods shall correspond with the description. This warranty, like the other warranties at common law, survives acceptance. The remedies are alike for all breaches of warranty, even those including what was formerly known in our State and at common law as the description of property, constituting a precedent condition authorizing rejection. The conditions in a contract of sale referred to in section 92 of the Personal Property Law are of a different nature altogether from those we are here discussing.

When, therefore, in the contract of sale made between the plaintiff and the defendants in this case, the word " warranty " is used, it has reference to those warranties defined in the Uniform Sales Act, unless it is otherwise expressed or restricted. The parties in the disclaimer of warranty clause exercised a right and privilege expressly reserved to them by section 152 of the Personal Property Law, which reads: " Where any right, duty or liability would arise under a contract to sell or a sale by implica-

tion of law, it may be negatived, or varied by express agreement or by the course of dealing between the parties, or by custom, if the custom be such as to bind both parties to the contract or the sale."

In raising Japanese onion sets the result is not always certain, and the examination of the bulbs will not disclose their inherent vitality. The business is more or less an undertaking to bargain with nature; the elements are not always the same. Therefore, the defendants were unwilling to assume the risk of the implied warranty connected with the sale of Japanese onion sets, as enacted in section 95 of the Personal Property Law, and insisted that if the plaintiff purchased three hundred bushels of these sets, he must take the risk of the crop, provided, of course, that the defendants had resorted to no fraud, unfair dealing or negligence amounting to undue enrichment. This clause was, therefore, made a part of the contract: " We give no warranty, express or implied, as to description, quality, productiveness, or any other matter, of any seeds sent out, and will be in no way responsible for the crop." The words cover the facts of this case. The defendants did not warrant that the seeds or sets were Japanese onion sets; neither did they warrant their productiveness. As stated above, the principal quality of Japanese onion sets is their ability to multiply, or their productiveness. There was to be no guarantee of these qualities. The plaintiff's only damage consisted in the failure to get the crop he expected or as many bushels of onions as the purchase should have produced.

Neither party was obliged to enter into this contract, and there is no public policy which prevents adult persons of sound mind making such agreements as they please, not prohibited by statute, or contrary to natural justice and good morals. This court and other courts have recognized the validity of agreements limiting or exclud-

ing implied warranties. (*Plimpton* v. *Brown Bros. Co.*, 224 N. Y. 724; *Kibbe* v. *Woodruff*, 94 Conn. 443; *Leonard Seed Co.* v. *Crary Canning Co.*, 147 Wis. 166; *Blizzard Bros.* v. *Growers' Canning Co.*, 152 Ia. 257; *Larson* v. *Inland-Seed Co.*, 143 Wash. 557.)

Much reliance has been placed upon *Wallis* v. *Pratt* ([1911] App. Cas. [H. L.] 394, reversing [1910] 2 K. B. 1003), and *Howcroft* v. *Laycock* (14 Times L. R. 460). In reading these cases, the distinction between conditions precedent arising out of description and a true warranty, which has been referred to in the beginning of this opinion, must be remembered. The distinction apparently still exists in England; in fact, the English Sale of Goods Act, section 13, uses the word "condition" in place of the word " warranty;" contained in our law, which has important consequences. Under that law breach of warranty does not justify rescission of an executed sale, and apparently does not even justify rejection of goods under an executory contract to sell. A "condition," on the other hand, not only justifies rejection of goods, but permits an action as in warranty, not formerly existing. (Williston on Sales, vol. 1, § 223-a.) *Wallis* v. *Pratt*, therefore, was governed by these distinctions and determined that the words, "sellers give no warranty expressed or implied as to growth, description or any other matters" relating to common English sainfoin, had no reference to condition or description. By this terminology, as heretofore stated, a sale by description constituted a sale upon condition, and did not constitute a warranty. A recovery could be had as on warranty for breach of a condition.

The judgment of the Appellate Division and that of the Trial Term should be reversed, and the complaint dismissed, with costs in all courts. (See 256 N. Y. 640.)

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; HUBBS, J., not sitting.

Judgments reversed, etc.