JOSEPH G. LINN, Plaintiff, *v.* RADIO CENTER DELICATESSEN, INC., Defendant, and DEBER PASTRY MANUFACTURING CO., INC., Impleaded Defendant.

Municipal Court of New York, Borough of Manhattan, First District, January 20, 1939.

*Lillian F. Walsh,* for the plaintiff.

*Slade & Ohringer* [*Samuel J. Ohringer* of counsel], for the defendant.

*Joseph Heller,* for the impleaded defendant.

BISSELL, P. J. Plaintiff brought this action against the defendant Radio Center Delicatessen, Inc., for personal injuries sustained in biting on a tack found in a piece of Danish pastry purchased from this defendant. The defendant interpleaded the Deber Pastry Manufacturing Co., Inc., from whom it purchased the Danish pastry eaten by plaintiff. The testimony at the trial is convincing that the Danish pastry eaten by plaintiff, which contained the tack, was in fact purchased by defendant from the impleaded defendant and that the tack was in the interior of the pastry. There is no doubt that the impleaded defendant is liable to defendant herein on an implied warranty unless a disclaimer or waiver was effective which is set forth in the first separate distinct defense of the impleaded defendant. This reads as follows:

" While we exercise great care in the manufacture of our products, we do not give and our agents and employees are forbidden to give any warranty, express or implied as to quality, description, merchantability or fitness for purpose intended, or any other matter, and will in no way be responsible for claims or allowances.

" The above disclaimer is made part of this contract of sale for the reason, that purchasers handle our products after delivery without supervision of seller and purchasers confuse seller's goods with those of other manufacturers."

The testimony shows that this clause was printed on the back of each invoice, but the defendant's witness Siegel testified that he never saw this clause on the back of the invoice despite the fact that daily purchases were made from the impleaded defendant for a period of one and a half years. Nothing else appears on the back of the invoice except this disclaimer and the only matters which would be checked appear on the face of the invoice. The disclaimer or waiver is sufficient to bar action as against the impleaded defendant unless it is contrary to natural justice and good morals or unless it never came to the notice of the defendant. The testimony is convincing that defendant had no actual notice and the facts are not such that defendant can be charged with notice. (*Landreth* v. *Wyckoff*, 67 App. Div. 145.)

In *Lumbrazo* v. *Woodruff* (256 N. Y. 92, at p. 97) the court said: " Neither party was obliged to enter into this contract, *and there is no public policy which prevents adult persons of sound mind making such agreements as they please, not prohibited by statute, or contrary to natural justice and good morals.*" The *Lumbrazo* case involved onion sets and did not affect the public health. It must be recognized that the health of the public is of the highest importance to the community and it is against natural justice and good morals to permit an individual or corporation to manufacture food contain-

ing dangerous foreign substances and to escape the consequences of his acts by a disclaimer. To permit such a disclaimer to be effective would be against sound public policy.

Judgment for the plaintiff for $100 as against defendant Radio Center Delicatessen, Inc., and judgment for defendant Radio Center Delicatessen, Inc., as against the impleaded defendant Deber Pastry Manufacturing Co., Inc., for $100, together with costs and disbursements. Five days stay of execution.