**SOCIETY BRAND HAT CO. v. FELCO FABRICS CORPORATION.**

United States District Court
S. D. New York.
April 18, 1950.

Otterbourg, Steindler, Houston & Rosen, New York City, for plaintiff, by Marks F. Paskes, Aaron Rosen, Richard A. Holman, all of New York City, of counsel.

Guzik and Engel, New York City, for defendant, by Leo Guzik, Lester A. Lazarus, New York City, of counsel.

GODDARD, District Judge.

This is an action for a breach of warranty in which plaintiff seeks to recover the

sum of $3,763.38, representing the purchase price paid for 21 pieces of grey flannel sold by the defendant to the plaintiff, and which the plaintiff contends are of inferior quality and unmerchantable.

On September 18, 1946, the plaintiff, through its duly authorized agent, signed and submitted to the defendant an order form of the defendant for 25 pieces of grey flannel. Following a description of the goods contracted for and directly above the blank spaces for signatures, was printed in plain type: "This order becomes a contract and effective only if, as and when a copy or confirmation signed by the seller is mailed to the buyer. Terms and all provisions, conditions printed on the reverse side of this order are expressly made part of this contract. All accounts are payable on due date."

The sales contract was accepted and confirmed by the seller [defendant] on September 19, 1946. The representatives of both defendant and plaintiff signed just below this printed clause in the blank spaces indicated for signatures. Included in the printed provision on the reverse side of the order were the following pertinent provisions:

"(1) Terms of sale and delivery are only as expressly set forth in this contract which contains the entire agreement of the parties and which is made without any oral warranties, conditions or agreements. No waiver of or change in any terms of this contract shall be binding on the Seller unless in writing signed by him. This contract shall be governed by the laws of the State of New York.

\*     \*     \*     \*     \*     \*

"(4) The acceptance by common carrier shall constitute delivery. We do not insure safe delivery of goods, the Transportation Companies' receipt relieving us of all responsibilities, and any claim for damages in transit should be made immediately to the Agent at point of delivery.

\*     \*     \*     \*     \*     \*

"(14) Merchandise shall not be returned nor allowance made after five (5) days from receipt, nor after goods are sponged, cut, or otherwise processed."

The goods were shipped in installments and payments were made upon receipt of each installment. On November 18, 1946, the plaintiff received from the defendant 10 pieces of flannel, 3 of which were allotted to the contract now in question. The plaintiff sent them to its sponger for examination on November 21st. On December 16, 1946 the sponger reported to plaintiff that 9 pieces, 2 of which were allotted to the contract now in dispute, were of inferior quality. On that day, December 16th, the plaintiff notified the defendant of the results of this report and on the next day returned the 9 pieces to the defendant. The defendant accepted return of these 9 pieces and its factor issued full credit for them to the plaintiff.

The 21 pieces that are the subject matter of this action were included in two later deliveries. Ten pieces [shipped on December 6, 1946] were received by the plaintiff on December 19, 1946 and 12 pieces [shipped on December 19, 1946] were received on December 27, 1946. On January 2, 1947 plaintiff paid for them.

The 22 pieces were all picked up by the plaintiff's sponger on January 9, 1947. On January 20, 1947 the sponger reported to the plaintiff. This report covered only 3 pieces and reported them all to be defective. The sponger's next report was received by the plaintiff on January 29th. It reported 18 additional pieces to be defective. On February 1, 1947 the plaintiff wrote to the defendant and offered to return these 21 pieces. The defendant replied on February 4th and refused to accept the return. In its refusal, the defendant called the plaintiff's attention to Paragraphs 4 and 14 of its order form. Despite this refusal, the plaintiff shipped the 21 defective pieces to the defendant who refused to accept them from the carrier. They were placed in a storage warehouse of the carrier awaiting the outcome of this litigation.

The plaintiff, claiming a breach of an implied warranty of quality, brought this suit under Section 150 of the New York State Personal Property Law, Consol.Law, c. 41, to recover the purchase price. This court acquired jurisdiction through the diversity of citizenship of the parties.

The plaintiff contends that (1) there was a breach of an implied warranty of quality; (2) the 5 day limitation period set up in Paragraph 14 of the contract was not really a part of the contract; (3) even if it were originally a part of the contract, it was waived by the defendant; and (4) the plaintiff made its return within a reasonable time as required by Section 150 of the Personal Property Law.

The defendant contends that (1) there was no breach of warranty because the goods were not defective; (2) since the plaintiff's offer to return was not made within the 5 day limitation period established in the contract, the plaintiff waives any claim for breach of warranty; (3) there was no waiver by defendant of this limitation period; and (4) even if there were a waiver, the return was not made within a reasonable time as required by law.

■ The accepted custom in the textile trade is that, unless otherwise specifically stated, piece goods are represented to be of first quality. Since the goods delivered were not of first quality, there was a breach of warranty.

■ However, parties to a sales contract may provide a limitation upon the time during which the buyer may give notice of defects and that, in the event notice is not given within such specified time, the goods cannot be returned nor damages claimed for breach of warranty. Personal Property Law, Section 152; Lumbrazo v. Woodruff, 1931, 256 N.Y. 92, 175 N.E. 525, 75 A.L.R. 1017; Baruch v. Dery, Inc., 1921, 188 N.Y.S. 453.

■ Relying upon Arthur Philip Export Corporation v. Leathertone, Inc., 1949, 275 App.Div. 102, 87 N.Y.S.2d 665, the plaintiff contends that the 5 day limitation period provision is not a part of the contract because it is printed on the reverse side of the contract and was not within the contemplation of the parties. However, the facts in the case at bar differ from those in the Arthur case.

Plaintiff was familiar with the order form now in question. Several weks earlier it had submitted an order to the defendant for other goods using an identical order form.

The plaintiff's agent's signature is immediately below the provision above quoted that expressly made the conditions on the reverse side a part of the contract. A clause exactly the same as Paragraph 14 appears on the face of the invoice mailed to plaintiff on December 6, 1946. In the case relied upon by the plaintiff the only reference to the reverse side was some small print in a relatively inconspicuous place that merely said "See also back".

■ There was no waiver of this five day limitation period. Paragraph 1 of the contract provided that "No waiver of or change in any terms of this contract shall be binding on the Seller unless in writing signed by him". There was no written agreement of waiver. See New York Personal Property Law, Section 33c. Moreover, a prior acceptance of returned merchandise by the defendant on one occasion more than 5 days after the receipt of the merchandise does not constitute a waiver of Paragraph 14. Heller & Brother v. Continental Mills, 1921, 196 App.Div. 7, 187 N.Y.S. 11, affirmed in 1922, 233 N.Y. 641, 135 N.E. 951; Walsh v. Howard & Childs, 1908, 61 Misc. 328, 113 N.Y.S. 499.

■ The plaintiff says that the defects discovered were "latent" defects and that the 5 day limitation period should not apply under the doctrine of Joseph D. Jessel & Frank D. Iuglio and Louis D. Iuglio v. Lockwood Textile Corporation, 1950, 276 App.Div. 378, 95 N.Y.S.2d 77. However, the defects in the goods now before the court were not latent defects; they were patent defects that were discovered in the course of the examination customarily made by the industry. When the sample bolts of the flannel in evidence were unrolled at the trial, the defective portions were clearly noticeable.

Since the plaintiff did not give notice within the 5 day period as required by the contract, relief must be denied to the plaintiff.

■ Moreover, there is another reason for denying relief here. Even if the 5 day limitation period were not enforceable,

502

the plaintiff did not offer to return the goods within a reasonable time after receipt as required by Section 150 of the Personal Property Law. Despite the fact that the sponger made three pickups from the plaintiff within 4 days after receipt of the first shipment of the goods in question, these goods were not turned over to the sponger until 21 days after the plaintiff received the first shipment and 13 days after the second shipment was received. On January 20, 1947 the plaintiff received a report from its sponger that 3 of the pieces in question were defective. No notice was then given to the defendant nor was any effort made to get an early report from the sponger on the other 19 pieces. The sponger's report as to them was not made until January 29th and it was 3 days later [February 1]—12 days after the first notice of defect and 44 days after receipt of the first shipment by the plaintiff and 36 days after receipt of the second shipment that the plaintiff notified defendant that the goods were defective.

The statements of facts and conclusions of law in the foregoing opinion may be regarded as findings of fact and conclusions of law as required by Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A.

The complaint is dismissed.