RAILROAD WATERPROOFING CORP., Appellant, *v.* MEMPHIS SUPPLY, INC., Defendant. MURDOCK ACCEPTANCE CORPORATION, Appellant and Respondent, *v.* HEMPSTEAD MOTOR TRUCK SALES CO., INC., et al., Defendants, and RAILROAD WATERPROOFING CORP., Respondent and Appellant.

Argued January 8, 1952; decided January 25, 1952.

*Benjamin Machinist* for Railroad Waterproofing Corp.

*David F. Sussman* for Murdock Acceptance Corporation.

*Per Curiam.* We agree with the courts below as to the vacation of the order of attachment, and as to the dismissal, for lack of jurisdiction, of the complaint of Railroad Waterproofing Corp. against Memphis Supply, Inc., based upon the latter's alleged misrepresentation. We do not agree with the Appellate Division that Railroad Waterproofing Corp. had a lien on the truck for the purchase price paid by reason of breach of warranty under sections 150 and 134 of the Personal Property Law, inasmuch as the conditional sales agreement contained a clause negativing warranties, express or implied, not "endorsed hereon in writing." Such a clause is valid, and the mere description of the truck as "Year Model 1945" may not be construed as a warranty (*Lumbrazo* v. *Woodruff,* 256 N. Y. 92; Personal Property Law, § 152). It follows that no lien arose under said section 150. Moreover, even if Railroad Waterproofing Corp. had a lien, it was lost upon its surrendering possession of the truck in order to secure a writ of attachment (Personal Property Law, §§ 134, 135, 137). We think the determination of Special Term was correct.

Accordingly, the judgment of the Appellate Division should be modified by striking out the second decretal paragraph and reinstating in its place the second decretal paragraph of the Special Term judgment, and, as so modified, affirmed, with costs to Murdock Acceptance Corporation.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment accordingly. [See 303 N. Y. 1007.]