DOMINICK SPINELLA, Appellant, *v.* ATLANTIC TUG AND EQUIPMENT COMPANY, INC., Respondent.

Fourth Department, February 5, 1954.

*Salvador J. Capecelatro, Jr.,* for appellant.

*Phillip T. Young* for respondent.

McCURN, P. J. This is an appeal from a judgment in favor of the defendant entered pursuant to an order for summary judgment.

Plaintiff is engaged in the business of landscaping and gardening work. Defendant is engaged in the business of selling construction equipment including tractors and accessories. Defendant sold and delivered to the plaintiff a certain Oliver Cletrac crawler tractor and ware loader for the sum of $3,540. Plaintiff alleges a cause of action on the theory of implied warranty of fitness for a particular purpose (Personal Property Law, § 96, subd. 1). The allegations of the complaint and the plaintiff's affidavit in opposition to the motion for summary judgment are to the effect that at the time of the purchase plaintiff made known to the defendant the particular purpose for which he desired to purchase equipment, to wit: general landscaping and gardening, and that the defendant thereupon advised the use of the equipment in question, warranted that it was fit for such purpose and would give good service; that plaintiff was unfamiliar with the defendant's brand of equipment or its trade name and relied upon the defendant's skill and judgment and his warranty when he purchased said equipment. The defendant by his answer and affidavit upon the motion denies generally the allegations of the plaintiff and alleges that the sale was pursuant to a written contract which by express terms excluded any warranty express or implied and that in any event the plaintiff knew or should have known of any breach of warranty when he accepted the equipment and failed to notify the defendant within a reasonable time of his election to rescind the sale or to return it in substantially as good a condition as when he received it.

Defendant relies substantially upon two documents: (1) the contract of sale dated November 24, 1951, which is in the form of an order for the equipment signed by the plaintiff and an acceptance signed by the defendant; and (2) a so-called dealer's certificate of delivery dated November 29, 1951.

The contract of sale contains the following: '' This contract contains all the terms of the agreement between the vendors and purchaser and no salesman or agent of the vendors is authorized to make any other terms, verbal or otherwise, or to in any way alter the terms hereof.'' That language, however, does not

necessarily exclude an implied warranty of the type alleged in plaintiff's complaint (*Bowser & Co.* v. *McCormack,* 230 App. Div. 303). The so-called dealer's certificate of delivery is on a printed form entitled the "Oliver Corporation Dealer's Certificate of Delivery". On its face it appears to be the manufacturer's form setting forth its instructions for checking, adjusting and lubricating the equipment and generally fitting it for delivery to the buyer. At the bottom of the first page of the sheet is a line for "signature of person making delivery" and another line for "signature of person taking delivery". There is no provision for the signature of the seller or purchaser as such. The plaintiff did sign, however, on the line designated as "person taking delivery". Printed upon the dealer's certificate of delivery is a warranty to the general effect that the machinery is well made and of good material and without any defects therein, and in addition contains the following: "This warranty is made in lieu of all other warranties, expressed or implied, and no warranty is made or authorized to be made other than herein set forth. In no event shall Seller's liability or the liability of the Oliver Corporation, on any expressed or implied warranty, exceed the cost of replacement, f.o.b. plant of manufacture, of parts found by Seller to be defective." It is the claim of the defendant that by such language in the dealer's certificate of delivery the plaintiff has by express agreement negated or waived any right which he might otherwise have by reason of the implied warranty alleged in plaintiff's complaint (see Personal Property Law, § 152; also, *Lumbrazo* v. *Woodruff,* 256 N. Y. 92).

It is not clear, however, from an examination of this document itself whether it amends or supplements the contract of sale so as to bind the plaintiff by its terms. The circumstances under which it was signed and delivered do not appear. In our view of it the rights of the parties so far as this document is concerned should not be determined upon this motion for summary judgment but should await a development of the facts and circumstances upon the trial.

The defendant further contends that the equipment which was sold to the plaintiff was sold under its trade name and that there was no implied warranty as to its fitness for a particular purpose. Plaintiff, however, by his complaint and his affidavit alleges that he relied not upon the trade name but upon the statements and judgment of the seller with respect to the fitness of the equipment for his particular purpose (see *Foley* v.

*Liggett & Myers Tobacco Co.,* 136 Misc. 468, affd. 232 App. Div. 822; *Ryan* v. *Progressive Grocery Stores,* 255 N. Y. 388, 391; note, 59 A. L. R. 1180, 1186, *et seq.).*

The defendant further contends that the plaintiff failed to notify the defendant of the alleged breach of warranty within a reasonable time and that therefore this action for a rescission and a recovery of the purchase price will not lie. Although the equipment was purchased in November of 1951, and the attempted rescission was made in October, 1952, the plaintiff claims that it was agreed that the date of delivery would be considered to be May 1, 1952, or on about which time the plaintiff would begin to use the equipment so purchased. Plaintiff further alleges that during the period from May 1, 1952, to October of 1952, the defendant was continuously servicing, adjusting and making alterations to the equipment and that at the defendant's request the plaintiff was placated and persuaded to undertake further trials of the equipment. Under such circumstances it becomes a question of fact whether or not the plaintiff acted to rescind the contract within a reasonable time within the purview of section 130 of the Personal Property Law and subdivision 3 of section 150. This, we think, presented a question of fact (see *Angerosa* v. *White Co.,* 248 App. Div. 425, 434, affd. 275 N. Y. 524; *Jackson* v. *Foley,* 53 App. Div. 97, 104; *McCormick Harvesting Mach. Co.* v. *Warfield,* 33 App. Div. 513; *Sachter* v. *Gulf Refining Co.,* 203 N. Y. S. 769).

We reach the conclusion that it was error to grant defendant's motion for summary judgment, and that the order and judgment appealed from should be reversed.

All concur, except PIPER, J., who dissents and votes for affirmance in the following memorandum: I think that when plaintiff signed Exhibit B he expressly waived any warranties except those contained in that exhibit. It seems to me that the sentence: " This warranty is made in lieu of all other warranties, expressed or implied, and no warranty is made or authorized to be made other than herein set forth " brings the case within the provisions of section 152 of the Personal Property Law. If this is so, the judgment should be affirmed.

Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Judgment and order reversed on the law, with costs and motion denied, with $10 costs. [See *post,* p. 997.]