MILDRED P. FREEMANTLE, Doing Business as DY-DEE WASH SERVICE. Appellant, v. UNITED STATES HOFFMAN MACHINERY CORP., Respondent.— Appeal from a judgment dismissing the complaint and granting affirmative judgment in favor of the defendant upon its counterclaim, upon a motion made

by the defendant under rule 112 of the Rules of Civil Practice. This action was brought to rescind a contract for the purchase of certain laundry machinery which had been entered into between the plaintiff, as vendee, and the defendant as vendor, on March 9, 1954. The plaintiff contended that the capacity of the machinery was not sufficient for the needs of her business, in violation of an implied warranty of fitness claimed to have arisen because of her disclosure to the defendant's representative prior to the purchase, of the nature of her. business needs. The written contract contained the provision: " There are no implied warranties ". This provision was valid and enforcible (*Lumbrazo* v. *Woodruff*, 256 N. Y. 92; *Railroad Waterproofing Corp.* v. *Memphis Supply*, 303 N. Y. 849; Personal Property Law, § 152; *Alaska Pacific Salmon Co.* v. *Reynolds Metals Co.*, 163 F. 2d 643; cf. Uniform Commercial Code [1955 Supp.], § 2-316). The principal question upon this appeal is whether judgment on the pleadings could properly be granted upon the basis of the disclaimer provision. The contract was in terms " annexed and made a portion of this complaint " but the copy which was physically annexed to the complaint contained only the provisions of the face of the contract. The crucial provision quoted above, negativing any implied warranty, was on the back of the contract. The whole contract was annexed to and made a part of the answer in connection with the counterclaim pleaded by the defendant for the unpaid balance of the purchase price. The plaintiff's reply admitted the accuracy of the copy of the contract so annexed and the whole contract was therefore before the court as a part of the pleadings and admissions of the parties. The plaintiff contends that the court could not give effect to the disclaimer provision since it was not pleaded as an affirmative defense in the defendant's answer. However, as we see it, the effect of the disclaimer provision was to prevent any implied warranty from ever coming into existence rather than to bar the enforcement of a warranty theretofore made. There was therefore no need to plead it as an affirmative defense. Since it was a part of the contract signed by the plaintiff, there could be no claim by the plaintiff that the failure to plead it would result in " surprise " (cf. Civ. Prac. Act, § 242). The complaint did not seek the reformation of the contract in any respect. There was no allegation in the complaint, nor indeed was there any claim upon this appeal, that the inclusion of the disclaimer provision was the result of fraud, mistake, or other " unfair dealing " (*Lumbrazo* v. *Woodruff*, *supra*, p. 97). The complaint must be held to be insufficient as a matter of law in view of the disclaimer provision. Therefore, we need not consider the question argued in the briefs as to whether the plaintiff by her conduct had waived the right to rescind, if a right of a rescission had ever existed. Judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.