Broderick Haulage, Inc., Respondent, v. Mack-International Motor Truck Corporation, Appellant.

First Department, June 26, 1956.

*Edward R. Neaher* of counsel (*Francis E. Koch* and *George E. Zeitlin* with him on the brief; *Chadbourne, Parke, Whiteside & Wolff*, attorneys), for appellant.

*Richard A. Izzo* of counsel (*Gerard A. Connolly*, attorney), for respondent.

*Per Curiam.* The material facts of this case are not in dispute. Plaintiff purchased a number of trucks from defendant for use in its haulage business. When it found that the size of the trucks prevented their free and unrestricted use, it instituted this action to recover damages for breach of a claimed implied warranty of fitness for the intended use. Plaintiff makes no charge of fraud or misrepresentation, nor does it seek to rescind the contract. It relies solely upon the existence of an implied warranty that the trucks would be fit for the use to which plaintiff intended to put them.

The written contract between the parties excludes all warranties, whether express or implied, other than those specified therein. This provision clearly negates plaintiff's claim of an implied warranty and stands as a bar to the action. Plaintiff cannot claim nor be given the benefit of a warranty which it expressly waived. The disclaimer of warranty provision does not offend public policy. Such provisions are permitted by statute (Personal Property Law, § 152) and have been recognized as valid and binding provisions of sales contracts (*Railroad Waterproofing Corp.* v. *Memphis Supply,* 303 N. Y. 849; *Lumbrazo* v. *Woodruff,* 256 N. Y. 92; *Plimpton* v. *Brown Bros. Co.,* 224 N. Y. 724; *Shampine* v. *Fleming,* 280 App. Div. 558; *National Cash Register Co.* v. *Lyon,* 257 App. Div. 273; *Sonnenberg* v. *Nolan Motors,* 2 Misc 2d 185).

Plaintiff's reliance upon the negotiations which led to the making of the contract is misplaced in view of the provision abrogating all previous communications between the parties relating to the transaction. This provision of the contract precludes admission of any parol evidence as to prior negotiations (*Fogelson* v. *Rackfay Constr. Co.,* 300 N. Y. 334). Consequently there is no triable issue of fact to prevent the granting of defendant's motion for summary judgment.

For the reasons assigned the order appealed from should be unanimously reversed and defendant's motion for summary judgment granted in all respects.

Peck, P. J., Breitel, Frank, Valente and Bergan, JJ., concur.

Order, so far as appealed from, unanimously reversed, with $20 costs and disbursements to the appellant, defendant's motion for summary judgment granted, and judgment is directed to be entered in favor of the defendant dismissing the complaint herein, with costs.