John Stryker et al., Respondents, *v.* Otto Rusch, Doing Business as Hudson Valley Trailer Park, Appellant.

Third Department, June 17, 1959.

*Twining & Fischer (William H. Johnson, Jr.,* of counsel), for appellant.

*Dann & Couse (Martin E. Nachsin* of counsel), for respondents.

GIBSON, J. The complaint which Special Term has sustained seeks to rescind a contract for the sale by defendant to plaintiffs of a trailer and to recover the amounts paid on the contract. The first cause of action charges fraud, predicated upon representations that the trailer " was in perfect and excellent condition, was brand new, had no defects and was structurally sound." The second cause of action is for breach of warranty and alleges, first, implied warranties that the trailer " was of merchantable quality and  *  *  *  reasonably fit for the purpose of human habitation "; and, second, express warranties, orally made, that the trailer " was in perfect and excellent condition, and without defects." In his answer, defendant alleges, as a complete defense, that the warranties and representations alleged in the complaint " were expressly excluded " by the following provision of the contract: " This writing, including Exhibit ' A ' on back hereof, constitutes the entire agreement between the parties hereto, there being no warranties or representations by the seller except as set forth herein." Treating the contract, or this provision at least, as documentary evidence establishing the facts of his defense, defendant moved under rule 113 of the Rules of Civil Practice for summary judgment.

The language of the quoted provision does not immunize the defendant from liability for fraud. In construing merger clauses of like purport, the courts have long held to that principle. (*Crowell-Collier Pub. Co.* v. *Josefowitz,* 5 N Y 2d 998; *Sabo* v. *Delman,* 3 N Y 2d 155; *Bridger* v. *Goldsmith,* 143 N. Y. 424; and cf. *Danann Realty Corp.* v. *Harris,* 5 N Y 2d 317.) As applied to the first cause of action, the asserted defense is, therefore, insufficient.

The clause before us is, however, sufficient to bar any remedy which might otherwise accrue upon breach of the express warranties alleged in the second cause of action of the complaint. (Personal Property Law, § 152; *Lumbrazo* v. *Woodruff,* 256 N. Y. 92.) The implied warranties, on the other hand, do not seem to us to have been excluded.

Section 152, above cited, provides: " Where any right, duty or liability would arise under a contract to sell or a sale by implication of law, it may be negatived, or varied by express agreement or by the course of dealing between the parties, or by custom, if the custom be such as to bind both parties to the contract or the sale." The contract provision that the writing " constitutes *the entire agreement * * * there being no warranties * * * except as set forth herein* " (italics supplied), seems worded and designed to perform the function of merger, thus extinguishing prior transactions, promises and contractual arrangements. The implied warranties, created by statute and not being subjects of negotiation or agreement, are not within this category but stand beyond the contract. (*Spinella* v. *Atlantic Tug & Equip. Co.,* 283 App. Div. 259; *Bowser & Co.* v. *McCormack,* 230 App. Div. 303; *Wade* v. *Chariot Trailer Co.,* 331 Mich. 576; see, also, *Gleckler* v. *Russeks Fifth Ave.,* 276 App. Div. 751, revg. 84 N. Y. S. 2d 813; Vold, Law of Sales, pp. 468–469; Waite, Law of Sales [2d ed.], p. 215, n.; 1 Williston, Sales [rev. ed.], pp. 627, 628.)

The unquestioned right of the parties to a contract to preclude implied warranties by so providing, in language which shall make clear their intent, is supported by many cases. In each of the New York cases which have come to our attention the exclusionary provision was clear and in most cases made express reference to implied warranties. In this case a like intent could have been, but was not, expressed with equal facility. The second cause of action, insofar as predicated upon implied warranties, being good as against the defense set forth in the answer, was properly sustained.

We perceive no reason to disturb the Special Term's exercise of discretion in granting plaintiff's motion to amend the complaint. We do not pass on the sufficiency of the cause of action added pursuant to such amendment. (See *Ponticello* v. *Prudential Ins. Co.,* 281 App. Div. 549, 550.)

The order should be affirmed, with $10 costs.

FOSTER, P. J., BERGAN, HERLIHY and REYNOLDS, JJ., concur.

Order affirmed, with $10 costs.