Feahcis J. Dokovait, J.
This is an action to recover for breach of implied warranty of title in the sale of an automobile by defendant, Manhasset Ford, Inc., to plaintiff’s decedent, Burrows.
A companion action by Ian W. McFadyen against the same defendant was consolidated by order dated November 13, 1959. When the consolidated actions came on for trial, McFadyen’s attorney advised the court that McFadyen had died and no administrator had yet been appointed. On stipulation set forth on the record and in the interest of justice the McFadyen action was severed and the trial continued in the Burrows action alone.
The jury by stipulation was asked for a special verdict on particular questions and the remainder of the case was tried before the court without a jury. The jury verdict established that the car transferred to Burrows and subsequently surrendered by her to agents of the United States Government was in fact a car stolen from a man named Fede and that neither defendant, Manhasset Ford, Inc., nor third-party defendant, Robert Silvers, ever had title to the car.
The only substantial matter remaining for determination is the effect of a disclaimer of warranty indorsed on the back of a purchase order signed on the face by McFadyen and dated May 14. The purchase order states the purchaser to be McFadyen and Burrows. Defendant Manhasset Ford, Inc.’s, invoice dated May 16,1957 bears Burrows’ signature but not McFadyen’s and makes no reference to the disclaimer. The official form of the Bureau of Motor Vehicles, M V 50 states that Burrows is the purchaser.
At the outset, I find, that the “ sale ” was to Burrows. The consideration for the purchase was supplied in part by a trade-in of Burrows’ car and in part by checks of McFadyen. McFadyen made a gift or loan to Burrows but in no event did he ever become the purchaser or owner of the car. The implied warranty of title runs to Burrows alone. She is in direct and immediate privity with Manhasset Motors.
Section 152 of the Personal Property Law undoubtedly permits a waiver or disclaimer of implied warranties, but there are limitations. Among such limitations are the following:
*156 1. The purchaser must be given reasonable notice of the disclaimer (Moore v. Schlossman’s, Inc., 5 Misc 2d 693).
2. The disclaimer or waiver must not offend against public policy (Linn v. Radio Center Delicatessen, 169 Misc. 879).
The disclaimer here reads as follows:
“ It is expressly agreed that there are no warranties, express or implied made by either the dealer or the manufacturer on the motor vehicle, chassis or parts furnished hereunder except as follows:
“ The manufacturer warrants each new motor vehicle (including original equipment placed thereon by the manufacturer except tires) chassis or part manufactured by it to be free from defects in material or workmanship under normal use and service. Its obligation under this warranty being limited to making good at its factory any part or parts thereof which shall, within ninety (90) days after delivery of such vehicle to the original purchaser or before such vehicle has been driven 4,000 miles, whichever event shall first occur be returned to it with transportation charges prepaid and which its examination shall disclose to its satisfaction to have been thus defective; this warranty being expressly in lieu of all other warranties expressed or implied, and all other obligations or liabilities on its part, and it neither assumes for it any other liability in connection with the sale of its vehicles. This warranty shall not apply to any vehicle which shall have been repaired or altered outside of an authorized service station in any way so as in the judgment of the manufacturer to affect his stability and reliability, nor which has been subject to misuse, negligence or accident.”
• On its face the clause clearly pertains to the condition of the car and its component parts. The warranties referred to are those “ on the motor vehicle chassis or parts ”. It is one thing to put a purchaser on notice that he take the risk that the car may be defective, but it is quite another to put the buyer on notice that he. is buying a car from one who may have no right to sell it. This clause did not give the purchaser reasonable notice of the waiver or disclaimer and is, therefore, ineffective.
The use of such a disclaimer or waiver by an automobile dealer runs counter to the policy of the State of New York. The registration and regulation of dealers, the prohibition against sale or possession of vehicles with chang’ed or altered identification or engine numbers and the system of registration of motor vehicles demonstrate the fixed policy of placing responsibility on dealers to pay diligent attention to the evidence of ownership of all vehicles accepted or transferred in trade. The specific purpose of registration of vehicles is the ‘i facilitating identification of *157 owners by the police and public”. (Switzer v. Aldrich, 307 N. Y. 56, 59.) To permit an automobile dealer to evade his responsibility by the use of a clause waiving the implied warranty of title would be subversive of the public policy of the State of New York. Such a clause is invalid.
The conflict with the State policy is evident from the printed recital in the form MV 50, which reads: “It is hereby certified that the vehicle described above was sold to the purchaser on the date indicated and that at the time of delivery the above-mentioned purchaser was by virtue of conditional sales or absolute sale or otherwise entitled to register the said vehicle.”
Here, in an official certificate the dealer expressly represents to the Motor Vehicle Commissioner that the title is vested in the named purchaser, Burrows. Such a statement is wholly inconsistent with a waiver of implied warranty of title.
Judgment may be entered in favor of plaintiff against defendants for the fair and reasonable market value of the car at the time it was surrendered to the Federal agents, with interest, namely, $2,600, with interest from November 22, 1957. Defendants shall be entitled to judgment over against third-party defendant Robert Silvers.